George DENNIS; Maria Laura Silverio Norohna, a/k/a Laura Dennis, by themselves and representing the conjugal partnership constituted between them; Michelle Dennis; Melanie Dennis; Mary Jon Dennis Lord; Condado Mini-Cinema Corp.; Cinema Features Corp., Plaintiffs,

v.

Rafael Arzola FIGUEROA; Luis A. Rivera Colon; John Doe, Director of the Metro Area, Vice Squad of the Police Department of the Commonwealth of Puerto Rico; Richard Roe, Superintendent of the Police Department of the Commonwealth of Puerto Rico; Various Unknown Agents of the Metro-Area Vice Squad of the Police Department of the Commonwealth of Puerto Rico; Thomas Toe, Defendants.

Civ. No. 85–2270 (JAF).

United States District Court,
D. Puerto Rico.

Aug. 27, 1986.

Adrián Mercado, Rua & Mercado, San Juan, Puerto Rico, for plaintiffs.

Edgardo Colón-Arrarás, Federal Litigation Div., Dept. of Justice, Com. of Puerto Rico, Pedro A. del Valle Ferrer, Director, Federal Litigation Div., Héctor Rivera Cruz, Secretary of Justice, San Juan, Puerto Rico, for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

On November 12, 1985, plaintiffs filed a complaint under 42 U.S.C. Sec. 1983 against various members of the Puerto Rico Police Department. Federal jurisdiction has been invoked under 28 U.S.C. Secs. 1331, 1343(3), (4). The basis of the complaint is that on December 23, 1982 and August 23, 1983, defendants, acting under color of law, "raided" the Condado Mini Cinema and seized certain pornographic, obscene films being exhibited there. Plaintiff George Dennis was arrested and ultimately convicted and sentenced for exhibiting obscene material depicted in the films. They now claim that the police officers involved acted under color of law, violating plaintiffs' rights secured by the first, fifth, and fourteenth amendments of the United States Constitution. It is alleged that plaintiffs were subjected to repeated "arrests, harassment, and discrimination" by the police officers. Plaintiffs specifically aver that in light of *Pueblo v. Santos Vega*, 115 P.R.Dec. 818 (1984), the officals' conduct is unconstitutional. Said case holds that the search and seizure of pornographic material requires a valid search warrant issued after determining, through an adversary hearing, that the material to be seized is indeed pornographic.

On May 16, 1986, defendants filed a motion to dismiss asserting that the action is time-barred and that plaintiffs lack standing to sue. Plaintiffs submit in their opposition that, as stated in the Complaint at page 6, paragraph 17, the acts of codefendants herein were not determined to be illegal and unconstitutional until November 26, 1984, the date the Supreme Court of Puerto Rico so held in *Santos Vega*. This requires us to first decide whether the complaint as filed is time-barred under the applicable one-year statute of limitations. Plaintiffs oppose and contend that the action was timely filed within one year from the November 26, 1984 decision by the Supreme Court of Puerto Rico in *Santos Vega*. After considering the argument brought forward by the parties, we find for defendants. The action is time-barred. Federal question jurisdiction is absent. Furthermore, the court is not faced with a properly-pleaded 42 U.S.C. Sec. 1983 cause of action.[1]

### I.

Even assuming a well-pleaded 42 U.S.C. Sec. 1983 cause of action, the complaint is time-barred under the one-year Puerto Rico statute of limitations. *See La-*

---

1. The motion to dismiss, treated like a motion for summary judgment, Fed.R.Civ.P. 12, 56, shows that there is an insuperable bar to plaintiffs' requested relief. We so conclude after drawing all reasonable inferences that may favor plaintiffs. *See Palhava de Varella-Cid v. Boston Five Cents Sav.*, 787 F.2d 676, 678 (1st Cir.1986).

*Chapel v. Ortiz,* 637 F.Supp. 43, 44–45 (D.P.R.1986); *Morales v. Viera,* 632 F.Supp. 491, 492 (D.P.R.1986); *Batista Malavé v. Com. of Puerto Rico,* 631 F.Supp. 936, 938 (D.P.R.1986). The proposition that a continuing violation would toll the running of the statute of limitations has no merit. In Puerto Rico, personal injury suits are time-barred if one year elapses from the date the action could have been instituted. Civil Code, arts. 1868, 1869, P.R. Laws Ann. tit. 31 secs. 5298(2), 5299. An action for *federal* constitutional violations could have been instituted on December 23, 1982 or August 23, 1983, the dates of the alleged seizures. Since the complaint was filed on November 12, 1985, that is, more than 365 days either from December 1982 or August 1983 having elapsed, the action became time-barred. Plaintiff's argument that the suit was timely filed within one year from the date of the Commonwealth's Supreme Court decision only confirms that no substantial federal question has been presented.

## II.

■ This last conclusion requires us to pass upon whether a substantial federal question has been properly pleaded under 28 U.S.C. Sec. 1331. It is settled that the requisites of subject-matter jurisdiction cannot be waived. Jurisdiction has to be affirmatively pleaded in the complaint. Fed.R.Civ.P. 8(a). Of course, plaintiff has the burden of proving and sustaining its jurisdictional access to the federal court. It is a hornbook principle that when reviewing federal-question jurisdictional allegations, a federal-question claim must appear from the four corners of the complaint, unanticipated by federal defenses. *Taylor v. Anderson,* 234 U.S. 74, 75, 34 S.Ct. 724, 58 L.Ed. 1218 (1914); *Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 153–54, 29 .S.Ct. 42, 43–44, 53 L.Ed. 126 (1908). A right or immunity created by the United States Constitution or federal statutes must be an *essential* element of plaintiffs'

claims. *Gully v. First National Bank in Meridian,* 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). Complaints claiming relief under state law and federal law are common. However, when passing upon a mixed state/federal question, we must find the salient federal-law claim. As stated in *Franchise Tax Board v. Const. Laborers Vac. Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983):

> [E]ven though state law creates appellant's causes of action, its case might still "arise under" the laws of the United States if a well pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.

■ In our view, the complaint here fails to present a substantial federal question. The complaint is couched in the local decision of *Pueblo v. Santos Vega,* 115 P.R. Dec. 818 (1984). *See* allegation 17, Complaint. Conclusory allegations of federal constitutional violations do not meet the "substantial" or "essential" criteria of 28 U.S.C. Sec. 1331 and the case law interpreting the federal question statute. Plaintiffs' complaint admits that defendants' conduct would not have been unconstitutional but for the ruling by the Supreme Court of Puerto Rico in *Santos Vega.* In applying a more protective standard than the one compelled by the United States Constitution, the Supreme Court of Puerto Rico held in *Santos Vega* that a seizure of allegedly-obscene films without a prior determination, through adversary hearing, that the seized material was obscene, infringes sections 4, 7, 10 of the Puerto Rico Constitution. *Santos Vega,* 115 P.R.Dec. at 825–827.[2]

■ As it pertains to jurisdiction under 28 U.S.C. Sec. 1343 as it relates to 42 U.S.C. Sec. 1983, it appears that the allegations of the complaint, couched on violations to Puerto Rico's Constitution, do not

**2.** The Puerto Rico Supreme Court decision is clear in this respect. The Spanish original opinion at page 823, first paragraph, as well as the unequivocal language at pages 825–27, so confirm.

**962**

rise to the level of federal constitutional violations actionable under section 1983. Mere alleged misuse or disregard of state law by state officials does not constitute a deprivation of plaintiffs' rights. *Penhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 911–12, 919, 79 L.Ed.2d 67 (1984), bars plaintiffs' constitutional claim under Puerto Rico's Constitution, as defined by the Puerto Rico Supreme Court in *Santos Vega,* all by virtue of the eleventh amendment to the United States Constitution. This case seems more like a state-court civil proceeding under the guise of the Civil Rights Act. *See Malachowski v. City of Keene,* 787 F.2d 704, 708 (1st Cir.1986); *Estate of Gilmore v. Buckley,* 787 F.2d 714, 722 (1st Cir.1986).

### III.

Defendants further claim that the arrested plaintiffs, as corporate officers of the Condado Mini-Cinema, Inc., do not have standing to sue. We need not decide said issue. In addition, we do not reach the request for declaratory relief, 28 U.S.C. Sec. 2201. There being no substantial federal question and/or 42 U.S.C. Sec. 1983 cause of action, the petition for declaratory judgment must fall. *Boston Teachers Union, Local 66 v. Edgar,* 787 F.2d 12, 15–16 (1st Cir.1986).

**Judgment shall be entered dismissing the complaint.**

IT IS SO ORDERED.

San Juan, Puerto Rico, this 27th day of August, 1986.