Luis E. YEINSIP, Carmen Sanchez, the Conjugal Partnership Composed by Luis E. Yeinsip and Carmen Sanchez, Omar Yeinsip, Loana Yeinsip, Jeanette Martinez and Carmen Martinez, Plaintiffs,

v.

LUFTHANSA GERMAN AIRLINES and ABC Insurance Company, Defendants.

No. Civ. 89–0130CC.

United States District Court, D. Puerto Rico.

Nov. 22, 1989.

E. Vázquez–Otero, Río Piedras, P.R., for plaintiffs.

Alberto Bernabé–Riefkohl, San Juan, P.R., for defendants.

## ORDER

CEREZO, District Judge.

This is a diversity action sounding in tort brought by plaintiffs Carmen Sánchez, her husband Luis E. Yeinsip, their conjugal partnership, their siblings Omar Yeinsip, Loana Yeinsip, and Sánchez' daughters Jeanette and Carmen Martínez against defendants Lufthansa German Airlines and ABC Insurance Company. The matter is now before the Court on defendant Lufthansa German Airlines' Motion to Dismiss (docket entry 4), which was opposed by plaintiffs.

The facts of this case, as stated in the complaint, are as follows. Plaintiff Carmen Sánchez worked as a security agent with Airport Aviation Services at the Luiz Muñoz Marín International Airport. On February 1, 1988, while performing her duties, plaintiff boarded an airplane owned by defendant Lufthansa German Airlines which was parked at the said airport. Once in the plane, plaintiff slipped on some transparent liquid located on the floor of the area where food and beverages are usually served. As a result of the accident, plaintiff allegedly sustained injuries which resulted in a 20% permanent disability of her general physiological functions. She was referred to the State Insurance Fund where, after treatment, evaluation and compensation, a final decision was issued on July 11, 1988. She then filed this suit on February 1, 1989.

Defendant contends that the complaint is time barred as to all plaintiffs, except the minors, for failure to file the same within the one-year statute of limitations prescribed in the Puerto Rico Civil Code for tort actions; Article 1868 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5298. Plaintiffs claim, however, that since Mrs. Sánchez is an injured worker who received benefits through the State Insurance Fund, the statute of limitations was effectively tolled by Article 31 of the Workmen's Accident Compensation Act, 11 L.P.R.A. § 32, which provides that the one-year limitations period will start running ninety (90) days after a final decision is rendered by the Manager of the State Insurance Fund.

It is established that in diversity actions, federal courts must apply the substantive law of the state where they sit. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The matter of extinctive prescription is a substantive question, *Guaranty Trust Co. of New York v. Grace W. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), governed in Puerto Rico by the provisions of our Civil Code. *Olmo v. Young & Rubicam of P.R., Inc.,* 110 D.P.R. 740, 742 (1981), *Febo Ortega v. Tribunal Superior,* 102 D.P.R. 405, 407 (1974).

With regard to the statute of limitations for tort actions, Article 1868 of the Civil Code of Puerto Rico (31 L.P.R.A. § 5298) states:

"The following prescribe in *one year.*

1 ....

2 Action to demand civil liability ... for obligations arising from the fault or negligence mentioned in § 5141 of this title (Article 1802 of the Civil Code), from the time the aggrieved person had knowledge thereof." (Emphasis ours.)

Although the Civil Code does not define the term "year" with precision, Article 8 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 8, various Spanish commentators have stated that it consists of 365 days. *See* 1 Manresa, *Comentarios al Código Civil* 209 (1956); 1 Scaevola, *Código Civil* 268 (1949). The Supreme Court of Puerto Rico has adopted this general interpretation, by holding that "for the purpose of prescription a year should be understood to have 365 days." *Sánchez v. Cooperativa Azucarera,* 66 P.R.R. 330, 333 (1946). *See also Ortiz v. American Railroad,* 62 P.R.R. 171, 177 (1943). There is one exception to this general rule, however, as the same

Court has also held that the legal year shall consist of 366 days if the month of February of a leap year is comprised within the period. *Escalera v. Andino*, 76 P.R.R. 251, 255 (1954). *See also Comunidad Agrícola Bianchi v. Superior Court*, 99 P.R.R. 366 (1970).

In our case the accident occurred on February 1, 1988, a leap year. Since the month of February was comprised within the applicable one-year statute of limitations, the determination of whether this action is time barred shall be made on the basis of considering a year having 366 days.

Defendant argues, however, that, notwithstanding the applicability of this extended year period to plaintiffs' action, it continues to be time barred because of the Civil Code requirement that the prescription period be counted from the day in which the accident occurred. Since 367 days elapsed since February 1, 1988 until February 1, 1989, defendant argues that the complaint would still be time barred, having been filed after the 366–day period. We find no merit to this argument.

Article 1869 of the Civil Code, 31 L.P.R.A. § 5299, on which defendant relies, states: "The time for the prescription of all kinds of actions, *when there is no special provision to the contrary*, shall be counted from the day on which they could have been instituted." (Emphasis ours.) As the text clearly implies, this provision is a suppletory one, to be applied only if no special law over the matter has been adopted. *See generally* Article 12 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 12; *Córdova & Simonpietri v. Crown American*, 112 D.P.R. 797 (1982), *Berrocales v. Superior Court*, 102 D.P.R. 224 (1974). In Puerto Rico, however, there is a specific statute which regulates the computation of legal periods of time, Article 388 of the Political Code (1 L.P.R.A. § 72). It has so been

recognized by the Supreme Court of Puerto Rico, which in case after case has applied this section in the computation of time for the prescription or limitation of actions. *See Comunidad Agrícola Bianchi v. Superior Court, supra; Escalera v. Andino, supra; Ortiz v. American Railroad Co.*, 62 P.R.R. 171 (1943); *Cintrón v. Insular, etc. y Balbaño*, 58 P.R.R. 820 (1941). Article 388 states: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." [1]

Applying this provision to the facts before us, it is clear then that in determining whether this action is time barred, we must exclude the first day, February 1, 1988, and count all others up to and including February 1, 1989. Because exactly 366 days had elapsed, the complaint is then filed just before the expiration of the 366–day–leap-year limitations period applicable to this case. Therefore, and contrary to defendants' contention, the action is not time barred.

Having reached this result, we need not discuss plaintiffs' contention regarding the tolling effect, if any, that the provision of the Workmen's Accident Compensation Act had in this case.

The Motion to Dismiss presented by defendants is hereby DENIED.

SO ORDERED.

---

1. A similar provision exists in the Puerto Rico Rules of Civil Procedure, Rule 68.1 (32 L.P.R.A. App. III).