Carmen Rosa OLIVO AYALA, et
al., Plaintiffs,

v.

Carlos LOPEZ FELICIANO, et
al., Defendants.

Civ. No. 88–2076(PG).

United States District Court,
D. Puerto Rico.

Jan. 2, 1990.

Lourdes del Carmen Rodríguez, San
Juan, P.R., for plaintiffs.

Luis N. Blanco–Matos and Noel Vera–
Ramírez, Federal Litigation Div., Dept. of
Justice, San Juan, P.R., and José A. Cande-
lario Lajara, Hato Rey, P.R., for defen-
dants.

OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This is a civil rights action under § 1983
alleging excessive use of force during an
encounter between law enforcement offi-
cers and co-plaintiff Reymundo Pedrero
Olivo. Jurisdiction is premised on the de-
termination of plaintiffs' federal constitu-
tional rights underlying the claim, 28
U.S.C. §§ 1331 and 1343, and the doctrine
of pendent jurisdiction. Venue is proper
under 28 U.S.C. § 1391. The matter is
before the Court on defendants' motion for
summary judgment on statute of limitation
grounds. No opposition has been filed.
None would have proved availing.

The facts of this case can be simply
stated. On the night of December 21,
1987, codefendant Juan Ramos Garcia and
other agents were patrolling the streets of
Mameyal County in the Municipality of Do-
rado. At about 7:50 p.m., co-plaintiff Rey-
mundo Pedrero Olivo was arrested by the
officers for breach of the peace and resist-
ance to his arrest. In the process, it ap-
pears, agent Ramos Garcia was excessively
forceful in dealing with the arrestee, his
conduct resulting in severe injuries to Pe-
drero Olivo. On December 21, 1988, plain-
tiffs filed the present civil rights complaint.

The sole issue presented before this
Court is thus the threshold question of
whether plaintiffs' suit was timely filed.
For the reasons stated below, we hold that
it was not, and the instant action is there-
fore dismissed.

■ We restate briefly the principles
which govern our inquiry. First, it is well
settled that when dealing with civil rights
actions federal courts are to borrow the
state period of limitations which is most
analogous to the particular § 1983 claim.
*Owens v. Okure,* — U.S. —, 109 S.Ct.
573, 102 L.Ed.2d 594 (1989), *Board of Re-
gents v. Tomanio,* 446 U.S. 478, 100 S.Ct.
1790, 64 L.Ed.2d 440 (1983), *Rivera
Fernández v. Chardón,* 648 F.2d 765 (1st
Cir.1981). In *Wilson v. Garcia,* 471 U.S.
261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984),

the Supreme Court held that the most analogous state limitations period will normally be the one reserved for personal torts, as § 1983 claims confer a general remedy for injuries to personal rights. Under the laws of Puerto Rico, the limitations period for tort actions, or "obligations arising from fault or negligence," is the one year limitations period provided by Article 1868(2) of the Civil Code, P.R. Laws Ann. tit. 31, § 5298(2). *De León Otero v. Rubero*, 820 F.2d 18 (1st Cir.1987), *Díaz Maldonado v. Lacot*, 89 J.T.S. 14, 6602 (1989). Hence, we must apply the one year statute of limitations to the facts of this case.

■ Secondly, we must also recall that in § 1983 cases resort must also be had to the tolling rules provided by the state where the civil rights violation took place. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), *Ramírez Morales v. Rosa Viera*, 815 F.2d 2 (1st Cir.1987). Pertinent to the case at bar is the fact that the tolling doctrine of Puerto Rico dictates that a year must be understood to be 365 days in length, *Secretary of Labor v. Superior Court*, 95 P.R.R. 134, 135 (1967), *Sánchez v. Cooperativa Azucarera*, 66 P.R.R. 330, 333 (1946), and that "[t]he time for the prescription of all kinds of actions ... shall be counted from the day on which they could have been instituted." P.R. Laws Ann. tit. 31, § 5299. Thus, it is clear that the first day of the limitations period must be counted and that the complaint must be filed before the year expires.[1] *See de la Cruz LaChapel v. Chévere Ortiz*, 637 F.Supp. 43 (D.P.R.1986), *Dennis v. Figueroa*, 642 F.Supp. 959 (D.P.R.1986), *Ramírez Morales v. Rosa Viera*, 632 F.Supp. 491

(D.P.R.1986), *affmd.* 815 F.2d 2 (1st Cir. 1987).

Finally, we note that the determination of the "day on which [the action] could have been instituted," on the other hand, is a question of federal, not state law, *Rivera Fernández v. Chardón*, 648 F.2d 765 (1st Cir.1981), and that federal law has established that the time of accrual of a civil rights action is when the aggrieved party knows or has reason to know of the injury which is the basis for his action or when facts supportive of a civil rights action are or should be apparent to a reasonably prudent person similarly situated. *Marrapese v. Rhode Island*, 749 F.2d 934 (1st Cir. 1984).

As we turn to apply the law to the facts of the case, we realize that we need elaborate on the point but briefly. It cannot be seriously disputed that plaintiff's cause of action accrued on the night of December 21, 1987, when he was presumably subjected to police brutality on defendants' part. At this time, and assuming his allegations are true, a reasonably prudent person should have realized that he had the makings of a meritorious civil rights case in his hands. The 365-day limitations period thus commenced to run on that date, there being no doubt as to the fact that the first day (the day when the action could have first been instituted), counts towards prescription. A quick check of the calendar would show that 1988 was a leap year, so the 365th day was December 19, 1988.[2] Their complaint was filed on December 21, 1988. The limitations clock had thus ticked for its final time two days before their complaint was filed. Plaintiffs' causes of action are therefore time-barred.[3]

---

1. The running of the limitations period, of course, could have been tolled by any of the three ways available under Article 1873 of the Puerto Rico Civil Code, P.R.Laws Ann. tit. 31, § 5303. Plaintiffs, however, have not made a claim as to any tolling acts that might have had this effect so we assume that the limitations period ran uninterrupted.

2. We note in passing that the day of December 19, 1988, having fallen on a Monday, we face no problem pertaining to the postponement of the

last possible day for filing, as would have been the case had it fallen on a weekend day or a holiday.

3. Defendants devote part of their memorandum of law in support of their motion for summary judgment to discussing alternate grounds for the dismissal of the action against co-defendant Jesús E. Rodríguez Cintrón. In view of the fact that we have ruled that plaintiffs' causes of action are time-barred, it is unnecessary to address those arguments in this opinion.

WHEREFORE, defendants' motion for summary judgment is hereby GRANTED and the complaint is hereby DISMISSED.

IT IS SO ORDERED.