**Gladys Palma SALAMANCA, Plaintiff,**

v.

**AMERICAN AIRLINES, INC.,
et al., Defendants.**

**Civil No. 95–2540 (DRD).**

United States District Court,
D. Puerto Rico.

March 20, 1996.

Jose L. Delgado–Cadilla, San Juan, PR, for plaintiff.

Diego A. Ramos–Cayon, Luis A. Oliver–Fraticelli, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for American Airlines, Inc.

### *OPINION AND ORDER*

DOMINGUEZ, District Judge.

The defendants have filed a motion for leave to reply (Docket No. 8) in which they argue, once again, that the applicable statute of limitations had run before the plaintiff had filed her complaint. According to the plaintiff, she suffered injuries during a flight accident on December 16, 1994. American Airlines argues that "[c]ounting the first day of the limitations period, viz, December 16, 1994, the 365th day was December 15, 1995," and that "[t]herefore, the action instituted on December 18, 1995 was time-barred." Reply, p. 3. Ms. Palma argues to the contrary, that the 365th day was December 16, 1995, and that because that day was a Saturday, the period extended until Monday, December 18, 1995. The plaintiff is correct; it is the defendants' motion that "contains a flawed interpretation of the law governing the accrual of the statute of limitations applicable to this case."

The legal framework for deciding this issue is straightforward. The Court's jurisdiction over this controversy is premised on the complete diversity between the parties, under 28 U.S.C. § 1332. When hearing diversity actions, federal courts apply state substantive law. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). State statutes of limitations are considered substantive law for *Erie* purposes. *Guaranty Trust Co. Of New York v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079

(1945); *Olmo v. Young & Rubicam of P.R.*, 110 P.R. Dec. 740 (1981).

The plaintiff's complaint alleges a cause of action under Puerto Rico's tort statute, Art. 1802 of the Puerto Rico Civil Code, P.R.Laws Ann., tit. 31, § 5141 (1990). The period of limitations applicable to such complaints is established by Art. 1868 of the P.R.Civil Code, P.R. Laws Ann., tit. 31, § 5298 (English language edition 1991), which provides in pertinent part that "[t]he following actions prescribe in one (1) year: ... (2) Actions to demand civil liability for ... obligations arising from the fault or negligence mentioned in section 5141 of this title, from the time the aggrieved person had knowledge thereof." Even though the cause of action arises only after the plaintiff becomes aware of the injury and of who caused it, such knowledge is presumed to arise at the moment the injury is caused. *Ojeda–Ojeda v. El Vocero, Inc.*, —— P.R.Dec. ——, 94 J.T.S. 131, at 335 (October 26, 1994); *Colón–Prieto v. Géigel*, 115 P.R.Dec. 232, 246 (1984). Furthermore, although the Civil Code does not state so explicitly, the Puerto Rico Supreme Court has held that "for the purpose of prescription, a year should be understood to have three hundred and sixty-five (365) days." *Sánchez v. Cooperativa Azucarera*, 66 P.R.Dec. 346, 349 (1946). *See Escalera v. Andino*, 76 P.R.Dec. 268, 271–273 (1954); *Ortiz v. American Railroad Co.*, 62 P.R.Dec. 181, 186–87 (1943).[1] As for calculating the specific expiration date for the cause of action, P.R.Civil Code Art. 1869 provides that "[t]he time for the prescription of all kinds of actions, when there is no special provision to the contrary, shall be counted from the day on which they could have been instituted." P.R.Laws Ann., tit. 31, § 1869 (English language edition 1991).

So far, so uncontroversial. However, the disagreement between the parties revolves around the precise method for calculating when the one-year period expires. The defendants rely almost exclusively on three cases decided by the U.S. District Court for the District of Puerto Rico that hold that the day that an action could have been instituted in, namely, the day the accident occurs, must be counted in computing the period. *Ramírez Morales v. Viera*, 632 F.Supp. 491 (D.P.R.1986), *aff'd on other grounds*, 815 F.2d 2 (1st Cir.1987); *De la Cruz v. Chévere Ortiz*, 637 F.Supp. 43, 44 (D.P.R.1986); *Dennis v. Figueroa*, 642 F.Supp. 959, 961 (D.P.R.1986). The issue is critical to the success of defendants' motion to dismiss. If the day the accident occurred, December 16, 1994, is counted as day one, the three hundred and sixty-fifth day is December 15, 1995. If, instead, day one is the day following the accident, then the three hundred and sixty-fifth day is December 16, 1995, a Saturday, and therefore the period expires on the next working day, Monday, December 18, 1995.

The defendants' reliance on the three cited cases is misplaced, for this Court disagrees with our Brethren's interpretation of the underlying Puerto Rico law.[2] We explain. Pursuant to Art. 388 of the Puerto Rico Political Code, "[t]he time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." P.R.Laws Ann., tit. 1, § 72 (English language edition 1982).[3] The method of computation established by Art. 388 is consistent with the text of Art. 1869, which states that the period shall be counted

---

1. However, when the period in question encompasses the month of February during a leap year, a year will consist of three hundred and sixty-six (366) days. *Comunidad Agrícola Bianchi v. Superior Court*, 99 P.R.Dec. 376, 378 (1970); *Escalera v. Andino*, 76 P.R.Dec. 268, 271 (1954).

2. Chief Judge Cerezo has held as we now hold. *Yeinsip v. Lufthansa German Airlines*, 725 F.Supp. 113, 115 (D.P.R.1989).

3. The same computation method is mandated by the Puerto Rico rules of civil procedure, which read in pertinent part: "[i]n computing any period of time prescribed or allowed ... by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday[,] or a legal holiday, in which event the period runs until the next day which is not a Saturday, a Sunday[,] or a legal holiday." P.R.R.Civ.P. 68.1, P.R.Laws Ann., tit. 32, App. III, Rule 68.1 (English language edition 1984).

*from* the day in which they could have been instituted. This interpretation also makes good practical sense; otherwise, for example, a one-day period would begin to run and end on the same day.

Most importantly, and notwithstanding the holding in *Ramírez Morales v. Viera,* 632 F.Supp. at 493, the Puerto Rico Supreme Court has held that Art. 388 *does* apply to suits brought under Art. 1802 of the P.R.Civil Code. *Comunidad Agrícola Bianchi v. Superior Court,* 99 P.R.Dec. 376, 378 (1970) ("[f]rom the date of the accident in this case, the 28th of March, 1968, and starting to count on, and including in the computation, the 29th of March, 1968, the term of 365 days expired on the 28th of March, 1969, which was a Friday, that is, a working day") (our translation); *Ortiz v. American Railroad Co.,* 62 P.R.Dec. at 186–87; *Cintrón v. Insular Industrial & Agricultural Exposition Ass'n, Inc.,* 58 P.R.Dec. 821, 829 (1941) ("[t]he original complaint in the case at hand [a tort suit under Art. 1802] was filed in the lower court the 3rd of February, 1939, that is, one day before the year expired, for in computing the year, the first day must be excluded and the last included, pursuant to article 388 of the Political Code") (our translation); *see generally* José A. Cuevas Segarra, *La Responsabilidad Civil y el Daño Extracontractual en Puerto Rico,* pp. 367 *et seq.* (Publicaciones JTS, 1993). *Cf. Ojeda–Ojeda v. El Vocero, Inc.,* 94 JTS 131 at 335 (Supreme Court's computation of the time for filing is consistent with Art. 388); *Escalera v. Andino,* 76 P.R.Dec. 268, 271 (1954) (applying Art. 388 to a filiation proceeding under the Civil Code); *Sánchez v. Cooperativa Azucarera,* 66 P.R.Dec. at 349 (filing of suit was not untimely because 365 days had not yet passed since the plaintiff had become aware of the injury); *but see Secretario del Trabajo v. Tribunal Superior,* 91 P.R.Dec. 856, 858 (1965) (computation results are not consistent with Art. 388).

To sum up, the day in which a tort cause of action arises **counts** in the sense that it provides the starting point for the computation of the prescriptive term; it is not, however, **counted within** that term. In the case at hand, the plaintiff's cause of action accrued on December 16, 1994. Thus, her cause of action would have expired on December 16, 1995, the three hundred and sixty-fifth day *after* the day in which the accident occurred. Because the last day was a Saturday, however, the plaintiff had until December 18, 1995, to file her suit. Because she filed suit on the 18th, this case was timely filed.

WHEREFORE, the motion for leave to reply is GRANTED but the motion to dismiss is DENIED.

IT IS SO ORDERED.