USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2370 LUIS CARRERAS-ROSA AND FRANCISCO SOLER-ROSA, Plaintiffs, Appellants, v. MELVIN ALVES-CRUZ, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Antonio Bauza-Torres on brief for appellants. ____________________ Carlos Lugo-Fiol, Solicitor General, Edda Serrano-Blasini, Deputy ________________ ____________________ Solicitor General, and Edgardo Rodriguez-Quilichini, Assistant _____________________________ Solicitor General, Department of Justice, on brief for appellee Melvin Alves-Cruz. ____________________ October 9, 1997 ____________________ Per Curiam. This appeal concerns the judgment __________ dismissing a 42 U.S.C. 1983 complaint as untimely under the applicable Puerto Rico statute of limitations. We write to clarify that, applying Puerto Rico law, the day plaintiffs' action accrued should not be counted as the first day of the limitations period and that the limitations period begins to run on the following day. The prior decisions of this court and the district court for Puerto Rico may have been somewhat inconsistent on that point. Therefore we take this opportunity to resolve any uncertainty. I. Background I. Background Plaintiffs' brother was shot and killed by the defendants, policemen in Puerto Rico on May 19, 1994. Plaintiffs learned of the death on May 20, 1994. They filed their 1983 complaint on May 22, 1995.  Defendants moved to dismiss based on the applicable one- year statute of limitations, Article 1868(2) of the Civil Code, P.R. Laws Ann. tit. 31, 5298(2). Plaintiffs responded that they did not know of their cause of action until they received an autopsy report in early May 1995. The district court rejected plaintiffs' analysis and determined that the action accrued on May 20, 1994. The district court further concluded that the complaint filed on May 22, 1995, was two days too late and so entered judgment dismissing the complaint. -2- Plaintiffs moved to vacate the judgment of dismissal, arguing that the day of accrual, May 20, 1994, should not be counted, so that the 365-day limitations period ran from May 21, 1994, until Saturday, May 20, 1995. They further argued that their complaint was timely filed on Monday, May 22, 1995, the next court day. The district court summarily denied that motion. This appeal followed. The parties' briefs did not adequately address the question whether the day of accrual should be counted as the first day of the limitations period, and so supplemental briefs were ordered. Now that the issue has been fully briefed, and as the facts are fully laid out upon the record, we are prepared to decide the appeal without further argument. See 1st Cir. Loc. R. 34.1(a)(2)(iii). ___ II. Discussion II. Discussion The limitation period for filing this 1983 claim is governed by the applicable state statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, ___ ______ ______ 278-80 (1985). In Puerto Rico the applicable limitation period for tort actions is one year. Article 1868(2) of the Civil Code, P.R. Laws Ann. tit. 31, 5298(2); Torres v. ______ Superintendent of Police, 893 F.2d 404, 406 (1st Cir. 1990). ________________________ One year means 365 days, or 366 days in leap year. Olivo _____ Ayala v. Lopez Feliciano, 729 F.Supp. 9, 10 (D.P.R. 1990); _____ ________________ -3- Yeinsip v. Lufthansa German Airlines, 725 F.Supp. 113, 115 _______ __________________________ (D.P.R. 1989). Although the limitations period is determined by state law, the date of accrual is a federal law question. The accrual period for a 1983 action "ordinarily starts when the plaintiff knows, or has reason to know, of the injury on which the action is based." Rivera-Muriente v. Agosto- _______________ _______ Alicea, 959 F.2d 349, 353 (1st Cir. 1992). In this ______ particular case, it is clear that the date of accrual is May 20, 1994, the date on which plaintiffs learned of their brother's death. The question that concerns us here is whether the limitations period begins on the date of accrual or the following day. In this 1983 case brought in Puerto Rico, Puerto Rico law governs the limitations period, including the "closely related questions of . . . application." See ___ Wilson, 471 U.S. at 269. Thus, when the federal court ______ borrows the state statute of limitations, so too the date on which the limitations period starts to run should be determined by the state law defining the "application" of the limitations period. Accordingly, we determine the question under Puerto Rico law.1 1  ____________________ 1To the extent that Puerto Rico law provides that the day 1 that an action accrues is not counted as the first day of the limitations period, it is consistent with Fed. R. Civ. R. 6(a), which provides: -4- The prior opinions of the Puerto Rico district court and this court may have been somewhat inconsistent in determining the first day of the limitations period. The inconsistencies appear to stem from differing applications of two provisions of Puerto Rico law and a Puerto Rico court rule. Article 388 of the Political Code, P.R. Laws Ann. tit. 1, 72, provides: The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded. Similarly, as relevant here, Rule 68.1 provides: In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. . . . In contrast, Article 1869 of the Civil Code, P.R. Laws Ann. tit. 31, 5299, provides:  The time for the prescription of all kinds of actions, when there is no special provision to the contrary, shall be counted from the day on which they could have been instituted.  ____________________ In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. Therefore, the result here would be the same whether federal law or Puerto Rico law were applied. -5- In some federal cases, with which we now disagree, Article 1869 was thought to prevail, so that the limitations period was held to include the first day that the action could have been instituted. See Ramirez Morales v. Rosa ___ ________________ ____ Viera, 632 F.Supp. 491, 492 (D.P.R. 1986), aff'd, 815 F.2d 2, _____ _____ 4-5 (1st Cir. 1987); Olivo Ayala, 729 F.Supp. at 10; Dennis ___________ ______ v. Figueroa, 642 F.Supp. 959, 961 (D.P.R. 1986); de la Cruz ________ __________ LaChapel v. Chevere Ortiz, 637 F.Supp. 43, 44 (D.P.R. 1986); ________ _____________ see also Altair Corp. v. Pesquera de Busquets, 769 F.2d 30, ________ _____________ ____________________ 33 (1st Cir. 1985). And in dicta this court has equated the date of accrual with the first day of the limitations period: "[The] date of accrual, i.e., the day on which the ____ limitations clock begins to tick, is determined by reference to federal law." Muniz-Cabrero v. Ruiz, 23 F.3d 607, 610 _____________ ____ (1st Cir. 1994) (precise dates were not dispositive in that case).  However, in other cases, with which we now agree, Article 388 prevailed, so that the limitations period began on the day following the date of accrual. See Salamanca v. ___ _________ American Airlines, Inc., 920 F.Supp. 24, 26 (D.P.R. 1996); ________________________ Conde v. Beltran Pena, 793 F.Supp. 33, 35-36 (D.P.R. 1992); _____ ____________ Yeinsip, 725 F.Supp. at 115; see also Silva-Wiscovich v. _______ _________ _______________ Weber Dental Manufacturing Co., 835 F.2d 409, 409 (1st Cir. _______________________________ 1987). -6- We now conclude that the method of computing the limitations period followed in Salamanca, Conde, and Yeinsip _________ _____ _______ applies in this 1983 action filed in the district court for Puerto Rico: the day in which a tort cause of action arises counts in the sense that it provides the starting point for the computation of the prescriptive term; it is not, however, counted within that term. Salamanca, 920 F.Supp. at 26.  _________ We reach this conclusion because, as the district court in Salamanca noted, the Puerto Rico Supreme Court has held _________ that Article 388 (not counting the first day) applies to the statute of limitations for tort actions, which statute also prescribes this 1983 action. E.g., Comunidad Agricola ____ ___________________ Bianchi v. Superior Court, 99 P.R.Dec. 366, 368 (1970); Ortiz _______ ______________ _____ v. American Railroad Co., 62 P.R.Dec. 171, 176-77 (1943); ______________________ Cintron v. Insular Industrial & Agricultural Exposition _______ ________________________________________________ Ass'n, 58 P.R.Dec. 821, 828 (1941); see also Escalera v. _____ _________ ________ Andino, 76 P.R.Dec. 251, 254 (1954). As the district court ______ in Yeinsip explained, Article 1869 "is a suppletory _______ [provision], to be applied only if no special law over the matter has been adopted," and Article 388 "is a specific statute which regulates the computation of legal periods of time," so that Article 388 controls. 725 F.Supp. at 115.  Here, applying the correct rule to compute the prescriptive period, plaintiffs' action accrued on May 20, -7- 1994, but the statute of limitations did not begin to run until the next day, May 21, 1994. The applicable 365-day period would have expired on Saturday, May 20, 1995, but, excluding the weekend days, the limitations period extended to the following Monday. It follows that plaintiffs' complaint was timely filed on Monday, May 22, 1995.  Accordingly, we vacate the judgment of the district ______ court dismissing the complaint and remand for further ______ proceedings. -8-