[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

———————————

No. 99-1546

LUIS CARRERAS-ROSA, FRANCISCO SOLER-ROSA

Plaintiffs, Appellants,

v.

MELVIN ALVES-CRUZ, ET AL.

Defendants, Appellees.

———————————

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Jimenez, U.S. District Judge]

———————————

Before

Boudin, Circuit Judge,
Bownes, Senior Circuit Judge,
and Lynch, Circuit Judge.

———————————

Antonio Bauza Torres for appellants.
Gustavo A. Gelpi, Solicitor General, Commonwealth of Puerto Rico,
Rosa N. Russe-Garcia, Deputy Solicitor General, and Roxanna Badillo-
Rodriguez, Assistant Solicitor General, for appellees.

———————————

April 20, 2000
_____

**LYNCH, Circuit Judge**.  This is an appeal from the dismissal of a wrongful death civil rights action.  Because the dismissal was based on the plaintiffs' failure to comply with certain orders and prosecute the action diligently, review is for abuse of discretion. See Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075 (1st Cir. 1990).

The underlying action arose out of the death of Angel Luis Soler-Rosa who, to paraphrase the complaint, was shot to death by Police Officer Alves-Cruz, after Soler-Rosa, with a toy gun in hand, demanded money from the cashier at a Kentucky Fried Chicken.

On March 4, 1999, the court dismissed this § 1983 action against defendant Alves-Cruz because of the plaintiffs' failure to serve the complaint and summons on Alves-Cruz in his individual capacity within the 120-day limit and because of the plaintiffs' failure to comply with the time limits in a court order that required them to submit an amended complaint that specified in which capacity Alves-Cruz was sued.  At the same time, the court also dismissed the action against the pseudonymous defendants for lack of prosecution.

There is a great deal of procedural history not relevant to the decision of this appeal.  We turn to the issue of whether the district court abused its discretion in dismissing the complaint against Alves-Cruz for failure to comply in a timely fashion with its order as to the filing of an amended complaint.  On August 31, 1998, the court ordered the plaintiffs to file the amended complaint within

-3-

fifteen days. The complaint was filed on November 6, 1998. It was not, however, given to the defendants until January 29, 1999.

Plaintiffs say that the filing of the amended complaint was timely. As to the fifteen-day limit, they say that the response was due September 21, 1998, but the court was closed that day due to Hurricane Georges. Since the District of Puerto Rico, by Amended Order of October 16, 1998, extended until October 30, 1998, the filing times for certain documents originally due to be filed between September 18, 1998, and October 2, 1998, and since, according to the plaintiffs' calculations, they had two days left on September 18th to file their amended complaint, they argue that two days should be added to the October 30th date. They say that gave them until November 3, 1998, to file the amended complaint and that they in fact did so. (It is not necessary to determine whether the amended complaint was "filed" on November 3rd, as the plaintiffs contend, or November 6th, as the defendants allege and the docket sheet indicates.) Despite the plaintiffs' creative counting, the filing was due no later than October 30, 1998. Thus, the filing was not timely and the court was warranted in dismissing the complaint against Alves-Cruz.

As to the remaining defendants (Samuel Soe, Thomas Toe, and Victor Voe), the dismissal order notes that they were never identified or summoned, because of the "plaintiffs' lethargic and careless manner of litigation" over more than a three-year period. Plaintiffs rejoin

-4-

that they are not responsible for the delay resulting from an earlier erroneous dismissal of this action on statute of limitations grounds, see Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 175 (1st Cir. 1997), and they appear to be correct. As to the considerable period of remaining time in which there was inaction, they claim, without pointing to any support, that their efforts to obtain discovery were thwarted.

While both sides share some blame for the messy and frustrating course of this litigation, the plaintiffs have failed to demonstrate that the district court abused its discretion in dismissing the complaint against the unidentified defendants, particularly in light of plaintiffs' failure to comply with court orders as to Alves-Cruz, the main defendant.

Affirmed.