Charles M. VAUGHN, et al., Plaintiffs,

v.

The AMERICAN AUTOMOBILE ASSOCIATION, INC., et al., Defendants.

No. CIV.A.03–11902–NG.

United States District Court, D. Massachusetts.

July 19, 2004.

Richard P. Campbell, Campbell, Campbell, Edwards & Conroy, PC, Boston, MA, for U.S. Airways, Inc. Defendant.

Kathleen M. Guilfoyle, Campbell, Campbell, Edwards & Conroy, PC, Boston, MA, for U.S. Airways, Inc. Defendant.

Marc D. Wallick, Wallick & Paolino, Warwick, RI, for The American Automobile Association, Inc. Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

GERTNER, District Judge.

After reviewing the objections, I agree with Judge Dein's recommendation granting AAA's motion for summary judgment because plaintiffs have not presented evidence of unfair or deceptive acts sufficient to support a claim under G.L. chapter 93A.

## *REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

DEIN, United States Magistrate Judge.

### I.  *INTRODUCTION*

The plaintiffs, Charles M. Vaughn ("Vaughn") and Joyce A. Russis ("Russis"), have brought this suit against The American Automobile Association, Inc., ("AAA") and U.S. Airways, Inc. alleging that the defendants are liable under Mass. Gen. Laws ch. 93A for damages they sustained as a result of a trip to Italy being cut short when their luggage was lost. The action against U.S. Airways, Inc. has been stayed due to the airline's bankruptcy (Docket # 9) and the parties have indicated that they expect to dismiss this case against the airline shortly in accordance with orders of the Bankruptcy Court. This case is presently before the court on AAA's Motion for Summary Judgment (Docket # 12). For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Motion for Summary Judgment be ALLOWED.

### II.  *STATEMENT OF FACTS*

The following facts are undisputed for purposes of this Motion for Summary Judgment.

The plaintiffs have been members of AAA for about fifteen years. (Plaintiffs' Memorandum In Opposition to Defendant's Motion for Summary Judgment (Docket # 16) ("Opp.") at 6). In late February 1999, they used AAA's travel agency services to book a tour of Italy conducted by Trafalgar Tours of New York City. (Complaint ("Compl.") ¶ 5). AAA provided the air tickets and tour confirmation to the plaintiffs upon final payment for the tour. (*Id.* ¶ 9). The total original cost of the trip was $5,174.60. (*Id.*).

The plaintiffs left for Italy on June 29, 1999. (*Id.* ¶ 10). Their original flight from Boston to Philadelphia was two hours late, which resulted in the plaintiffs missing their connecting flight to Rome. (*Id.* ¶¶ 9–12). The plaintiffs were able to secure an alternate flight to Rome, through Paris. (*Id.* ¶¶ 12–14). However, their luggage failed to arrive in Rome. (*Id.* ¶ 16). Before the plaintiffs left the airport, they placed a claim for their luggage with the appropriate airline's lost and found department. (*Id.*). The plaintiffs then proceed-

ed to their hotel and met up with their tour group. (*Id.* ¶ 17).

The next day, June 30, 1999, the plaintiffs contacted the AAA office in Burlington, Massachusetts to request assistance in recovering their baggage. (*Id.* ¶ 19). Cathy Grover, a AAA customer service representative, told the plaintiffs that she would try to contact U.S. Airways and follow-up on the status of the bags. (*Id.*). The plaintiffs found Ms. Grover and her immediate supervisor, Donna Muller, unresponsive to their plight. (*Id.* ¶¶ 20–21). Ms. Muller stated to the plaintiffs that she could only file a report with U.S. Airways, and did not offer the plaintiffs any additional assistance. (*Id.*).

On July 1, 1999, the plaintiffs decided to terminate their vacation because they did not want to continue on without their personal belongings. (*Id.* ¶ 22). After making this decision, the plaintiffs called AAA and requested that Ms. Muller arrange airplane reservations for them back to the United States. (*Id.*). Ms. Muller refused to make the reservations, claiming it would be easier for the plaintiffs to secure reservations them-selves since they were in Rome. (*Id.*). While the plaintiffs were able to make reservations for a flight leaving the next day for the United States, it was a time consuming process. (*Id.* ¶ 23). The return tickets cost the plaintiffs a total of $1,854.00. (*Id.*). The plaintiffs left Italy on July 2, 1999, but did not receive their bags until the end of that month. (*Id.* ¶ 24; Opp. at 5).

On July 2, 2003, the plaintiffs filed a complaint against AAA and U.S. Airways in Woburn District Court alleging a violation of Mass. Gen. Laws ch. 93A, § 9. On September 9, 2003, U.S. Air-

ways removed the action to this court. (Docket # 1).

## III.  DISCUSSION

### A.  Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court "must view the evidentiary record in the light most hospitable to the nonmovant and must indulge all reasonable inferences in his favor." *Sheinkopf v. Stone,* 927 F.2d 1259, 1262 (1st Cir.1991). Applying these principles to the instant case compels the conclusion that the Motion for Summary Judgment should be allowed.

### B.  Statute of Limitations

The defendant asserts that this action is time-barred, either under the Warsaw Convention, or pursuant to the terms of Mass. Gen. Laws ch. 93A. As detailed herein, this court finds that the Warsaw Convention does not apply to the instant case, as AAA is not an "air carrier" governed by the Treaty. In addition, this court finds that the claim was timely brought under ch. 93A.

### 1.  The Warsaw Convention

AAA contends that this action is barred by the two-year statute of limitations found in Article 29 of the Warsaw Convention.[1] "The Warsaw Convention is an international treaty governing the liability of air carriers engaged in the international transportation of passengers and cargo.

---

**1.** Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in* note following 49 U.S.C. § 40105.

The Convention creates a presumption of air carrier liability but, in turn, substantially limits that liability." *Dazo v. Globe Airport Sec. Serv.*, 295 F.3d 934, 937 (9th Cir.2002) (internal citation omitted). "The cardinal purpose of the Warsaw Convention ... is to achieve uniformity of rules governing claims arising from international air transportation." *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 169, 119 S.Ct. 662, 671–72, 142 L.Ed.2d 576 (1999) (internal citation and punctuation omitted). To accomplish this goal, "the Convention describes and defines the three areas of air carrier liability (personal injuries in Article 17, baggage or goods loss, destruction, or damage in Article 18, and damage occasioned by delay in Article 19), the conditions exempting air carriers from liability (Article 20), the monetary limits of liability (Article 22), and the circumstances in which air carriers may not limit liability (Articles 23 and 25)." *Id.* at 169, 119 S.Ct. at 672

While the Warsaw Convention may be relevant to the plaintiffs' claim against the airline for lost luggage, it has no relevance to the claim against AAA. As plaintiffs admit, the lost luggage was not AAA's responsibility, rather it was AAA's failure to assist the plaintiffs which forms the basis of their claim. Thus, as an initial matter, it is not clear that the substance of the claim against AAA is governed by the Warsaw Convention. More importantly, however, the Warsaw Convention applies to "carriers" and there is nothing in the record which would support the conclusion that AAA, as a travel agent, is a carrier under the Convention. *See, e.g., Am. Home Assur. v. Jacky Maeder (Hong Kong), Ltd.*, 969 F.Supp. 184, 190

(S.D.N.Y.1997) (proposed defendant is not a carrier under the Convention where plaintiff did not allege it was a carrier and "no facts are alleged which would lead the Court to conclude that [the entity] was involved in actually operating airplanes and transporting the freight in question through international air travel"); *Dazo v. Globe Airport Sec. Serv.*, 295 F.3d at 938–40 ("carrier" status under Warsaw Convention not extended to security company operating various checkpoints at airport). Therefore, this action is not barred by the two-year statute of limitations found in the Warsaw Convention.

### 2. *Mass. Gen. Laws ch. 93A*

Claims under Mass. Gen. Laws ch. 93A are governed by a four-year statute of limitations. Mass. Gen. Laws. ch. 260, § 5A. A cause of action under ch. 93A typically accrues "at the time injury results from the assertedly unfair or deceptive acts" subject to the caveat that "a cause of action does not accrue until a plaintiff discovers, or reasonably should have discovered, that she may have been injured as a result of the defendant's conduct." *Cambridge Plating Co. v. Napco, Inc.*, 991 F.2d 21, 25 (1st Cir.1993) (internal citation omitted). In the instant case, the plaintiffs left Italy on July 2, 1999, and filed suit on July 2, 2003. AAA has taken the position that the cause of action accrued on July 2, 1999. (*See* Defendant's Memorandum in Support of Motion for Summary Judgment (Docket # 13) ("Def.Mem.") at 4). This court finds that suit was filed within four years of that date, and thus, within the statute of limitations.[2]

---

**2.** Both parties assert that suit was filed four years and one day after July 2, 1999. (*See* Def. Mem. at 4; Opp. at 5). However, for statute of limitations purposes "[o]ne year means 365 days or 366 days in a leap year."

*Carreras–Rosa v. Alves–Cruz*, 127 F.3d 172, 175 (1st Cir.1997), and cases cited. Under Massachusetts law, the time period begins to run one day after the cause of action accrues, "with the last day for filing suit being the

To avoid a timeliness bar given the close proximity between the filing date and the expiration of the statute of limitations (*see* note 2, *supra* ), the plaintiffs argue that ch. 93A's four-year statute of limitations should begin to run either on the day that their tour of Italy would have ended, July 12, 1999, or the day that their last item of luggage was returned, July 30, 1999. (Opp. at 5). However, their claim against AAA challenge's the defendant's efforts (or lack thereof) in assisting the plaintiffs in locating their luggage, finding alternative methods for dealing with their clothing loss (such as helping them get money from the airline to pay for clothes) and/or getting them alternate flights home. All of these actions were completed by July 2, 1999, when the plaintiffs flew home without AAA's assistance. (*See* Compl. ¶ 23). Thus, their injuries had occurred by then, and they knew that they had been injured. The date the trip ended and/or when they received their luggage is irrelevant to when they were injured by AAA's allegedly wrongful conduct. Nevertheless, as detailed above, this court concludes that suit was timely filed within four years of July 2, 1999.

## C. The Merits [3]

Even though this court has found that the plaintiffs' claim was timely, it concludes further that, even viewing the evidence most favorable to the plaintiffs, AAA's conduct does not rise to the level of a violation of ch. 93A. Therefore, the Motion for Summary Judgment should be allowed.

Mass. Gen. Laws ch. 93A, § 2(a) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." In addition, Mass. Gen. Laws. ch. 93A, § 9 "creates a cause of action in favor of plaintiffs who are injured as a result of an unfair or deceptive act or practice." *Lord v. Commercial Union Ins. Co.,* 60 Mass. App.Ct. 309, 322, 801 N.E.2d 303, 314, *review denied,* 441 Mass. 1104, 805 N.E.2d 45 (2004). In order to prevail on a claim under ch. 93A, "a plaintiff must establish both that an unfair or deceptive act or practice has been committed *and* that the commission of that act or practice has caused him an injury. The plaintiff must show that there was a causal connection between the deception and the loss and that the loss was foreseeable as a result of the deception." *Id.* at 317, 801 N.E.2d at 311 (emphasis in original).

The statute does not define "unfair or deceptive" conduct; rather, it "depends on the facts and circumstances of each case." *Darviris v. Petros,* 59 Mass.App.Ct. 323, 328, 795 N.E.2d 1196, 1200, *review granted,* 440 Mass. 1108, 801 N.E.2d 802 (2003).

anniversary date of the event." *Poy v. Boutselis,* 352 F.3d 479, 483 (1st Cir.2003). Under this analysis, suit was timely filed within four years of July 2, 1999.

**3.** In its Motion, AAA claims that the plaintiffs cannot bring a 93A claim against it because the allegedly unfair and deceptive practices did not occur primarily and substantially in Massachusetts. (Def. Mem. at 4). However, this requirement only applies to disputes between businesses under ch. 93A, § 11, not to actions such as this one brought by individuals under § 9. *See Boos v. Abbott Laboratories,* 925 F.Supp. 49, 55 (D.Mass.1996). In addition, the parties both address AAA's potential status as an "agent" for U.S. Airways. (*See* Def. Mem. at 6 (AAA not liable as agent for disclosed principals); Opp. at 5–7 (while AAA was an agent, it was not entitled to Warsaw Convention protection)). This potential agency relationship does not require any extended discussion as plaintiffs' claim against AAA arises out of their direct relationship with AAA, and AAA's own alleged responsibilities. The plaintiffs are not seeking to hold AAA vicariously liable for U.S. Airways' conduct.

Nevertheless, it is up to the court, as a matter of law, to determine "the boundaries of what may qualify for consideration as a c. 93A violation[.]" *Id.* (quoting *Shepard's Pharmacy, Inc. v. Stop & Shop Cos.,* 37 Mass.App.Ct. 516, 520, 640 N.E.2d 1112, 1115, *review denied,* 419 Mass. 1102, 644 N.E.2d 226 (1994)) (additional citations omitted). Certain principles are well-established, however. For example, "[a] negligent act standing by itself does not give rise to a claim under c. 93A. There must in addition be evidence that the negligence was or resulted in an unfair or deceptive act or practice." *Squeri v. McCarrick,* 32 Mass.App.Ct. 203, 207, 588 N.E.2d 22, 25 (1992), and cases cited. Similarly, "[a] mere breach of contract does not constitute an unfair or deceptive trade practice under 93A, ... unless it rises to the level of 'commercial extortion' or a similar degree of culpable conduct." *Commercial Union Ins. Co. v. Seven Provinces Ins. Co., Ltd.,* 217 F.3d 33, 40 (1st Cir.2000) (internal citations omitted).

The plaintiffs have explained their dissatisfaction with AAA as follows:

> If this were the case of a citizen doing business with an independent travel agency, it could be assumed that the only responsibility of the agent would be to provide nothing more tha[n] pre-travel arrangements and tickets. But, this was not the case. The Plaintiffs took to heart and accepted the not-for-profit, different from the money grubbing, independent travel agent, slogan, "Travel With Someone You Trust." After all, they were and had been, members for years and were traveling with someone they trusted. The Plaintiffs trusted that AAA would be "friendly and helpful," that AAA would "listen to members [sic] needs" and that AAA would "serve members promptly and efficiently" as their literature proclaims. These are not statements taken out of context, but those advertised by AAA.... However inviting these advertised proclamations may be, AAA was as cold-hearted, unsympathetic, indifferent, inconsiderate and uncaring as could be. When the need was expressed, the help, paid for at a $40 per year rate, was not tendered.

(Opp. at 6). While the plaintiffs' frustration with AAA is evident, it is frustration arising out of AAA's alleged failure to meet either its obligations or to live up to the plaintiffs' expectations. AAA did not engage in "conduct that was unethical, immoral, oppressive, or unscrupulous" and its actions did not rise to a level of a violation of ch. 93A as a matter of law. *Duclersaint v. Fed. Nat'l Mortg. Assoc.,* 427 Mass. 809, 814, 696 N.E.2d 536, 540 (1998) (internal citations omitted).

## IV. *CONCLUSION*

For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that AAA's "Motion for Summary Judgment" (Docket # 12) be ALLOWED.[4]

June 7, 2004.

---

4. The parties are hereby advised that under the provisions of Fed.R.Civ.P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court

of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Services,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604–605 (1st Cir.1980); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *see also Thomas v. Arn,* 474 U.S. 140, 153–54, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). *Accord Phinney v. Wentworth Douglas Hosp.,* 199 F.3d 1, 3–4 (1st Cir.1999); *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–51 (1st Cir.1994); *Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 4 (1st Cir. 1998).