**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1491

FRANCISO CHÉVERE-RODRÍGUEZ ET AL.,

Plaintiffs, Appellants,

v.

INES BARNÉS PAGÁN, ETC., ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, Senior U.S. District Judge]

---

Before

Selya, Circuit Judge,

Coffin and Cyr, Senior Circuit Judges.

---

Nicolas Nogueras, Jr. on brief for appellants.

---

November 19, 2004

---

**Per Curiam**.  This appeal follows the entry of an order dismissing a suit under 42 U.S.C. § 1983 as time-barred.  Because the district court erred in its calculation of the limitations period, we reverse and remand for further proceedings.

Plaintiff-appellant Francisco Chévere-Rodríguez is a former employee of the municipality of Bayamón, Puerto Rico, and a self-styled whistleblower.  Chévere-Rodríguez claims that his whistleblowing resulted in various acts of reprisal.  Following a confrontation at the home of a municipal hierarch (defendant-appellee Inés Barnés Pagán), municipal officers arrested Chévere-Rodríguez and prosecuted him on what he characterizes as trumped-up charges.

At a trial in a Puerto Rico court, a petit jury cleared Chévere-Rodríguez of all charges.  The jury returned its verdict on August 13, 1999.  On August 14, 2000, Chévere-Rodríguez, on behalf of himself, his wife, and their conjugal partnership, instituted a civil action in the United States District Court for the District of Puerto Rico.  He alleged, inter alia, that by fabricating the criminal charges and falsely incriminating him, the town and the four individual defendants (all municipal officials) had collogued to abrogate his civil rights in violation of 42 U.S.C. § 1983.[1]

---

[1]Chévere-Rodríguez subsequently filed an amended complaint, dropping the municipality as a party.

-2-

After considerable pretrial skirmishing, two of the individual defendants, Barnés Pagán and Fuentes, moved for judgment on the pleadings. See Fed. R. Civ. P. 12(c). They posited that the action was time-barred. The district court granted the motion and subsequently dismissed the action against the remaining two defendants as well.

Following an unsuccessful motion for reconsideration, this appeal ensued. Chévere-Rodríguez has filed a brief but, for reasons that are not immediately apparent, the defendants have elected not to submit an opposing brief.

In Puerto Rico, the limitations period applicable to section 1983 actions is one year. See P.R. Laws Ann. tit. 31, § 5298(2); see also Wilson v. Garcia, 471 U.S. 261, 278-80 (characterizing section 1983 claims as "personal injury actions" and holding that state tort law supplies the applicable limitations period). It cannot be gainsaid that the cause of action described in the amended complaint accrued on August 13, 1999 — the day that the criminal jury exonerated Chévere-Rodríguez.[2] See, e.g., Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996) (holding that a section 1983 claim in the nature of malicious prosecution does not accrue while there is still a potential for judgment of conviction in the

_____

[2]To be sure, the amended complaint mentions several incidents leading up to the malicious prosecution. Chévere-Rodríguez does not suggest, however, that any of those earlier incidents remain independently actionable.

-3-

underlying criminal case).  The dispositive issue, then, is whether the commencement date of the civil action — August 14, 2000 — falls within the one-year limitations period.

Chévere-Rodríguez's timeliness argument has two components.  We examine each of them.

First, Chévere-Rodríguez asserts that the limitations clock did not begin to tick until August 14, 1999 (the day next following the accrual date).  We agree with this assertion.  The controlling authority is our decision in Carreras-Rosa v. Alves-Cruz, 127 F.3d 172 (1st Cir. 1997) (per curiam).  There, we construed Puerto Rico law as supporting the proposition that the limitations period begins on the day following the date of accrual. Id. at 175; see P.R. Laws Ann. tit. 1, § 72 ("The time in which any act provided by law is to be done is computed by excluding the first day, and including the last . . . ."); see also Yensip v. Lufthansa German Airlines, 725 F. Supp. 113, 115 (D.P.R. 1989).[3]

The second component of Chévere-Rodríguez's argument begins where the first component ends, that is, it starts with the assumption that the limitations period began to run on August 14, 1999.  Since the year 2000 was a leap year, Chévere-Rodríguez had

---

[3]In all events, the result would be the same under federal law.  See Fed. R. Civ. P. 6 (a) ("In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.").

366 days in which to sue.  See Carreras-Rosa, 127 F.3d at 174. Under ordinary circumstances, then, the last day for commencing a timely action would have been August 13, 2000 (the 366th day of the limitations period).  Because Chévere-Rodríguez did not sue until August 14, 2000, it is easy to see how the district court concluded that his suit was "one day late."

Appearances can be deceiving, however, and the circumstances here are out of the ordinary because, in the year 2000, August 13 fell on a Sunday.[4]  When the final day of a computed period of time prescribed or allowed by an applicable statute for doing an act falls on a Saturday, Sunday, or legal holiday, the period is automatically extended to the next business day.  See Fed. R. Civ. P. 6(a).  Consequently, Chévere-Rodríguez had until Monday, August 14, 2000, to institute the suit.  Because he filed his complaint with the district court on that date, he commenced the action within the one-year limitations period.

We need go no further.  Based on the foregoing, we conclude that the district court erred in dismissing the instant action as time-barred.

**Reversed and remanded**.

---

[4]Although Chévere-Rodríguez's opposition to the motion to dismiss did not emphasize this point, his motion for reconsideration harped on it.