**Mark SMITH, et al., Plaintiffs,**

v.

**CONDADO DUO LA CONCHA SPV,
LLC., et al., Defendants.**

**Civil No. 15–1504 (PAD).**

United States District Court,
D. Puerto Rico.

Signed Oct. 23, 2015.

Ileana C. Cardona–Fernandez, Jeffrey M. Williams–English, Vanesa Vicens, David C. Indiano–Vicic, Indiano & Williams, PSC, San Juan, PR, for Plaintiffs.

Francisco E. Colon–Ramirez, Hector A. Marmol–Lantigua, Colon & Colon, PSC, Jean Gabriel Vidal–Font, Roberto A. Camara–Fuertes, Ferraiuoli, LLC, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

PEDRO A. DELGADO–
HERNÁNDEZ, District Judge.

Plaintiffs Mark and Teresita Smith initiated this action against Otis Elevators and others claiming to have suffered damages on account of defendants' negligence under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141. Before the court is Otis' motion to dismiss on timeliness grounds (Docket No. 34), which plaintiffs opposed (Docket No. 35). Otis replied (Docket No. 42). For the reasons that follow, Otis' motion is DENIED.

## I. *BACKGROUND*

On May 4, 2014, Mr. Smith suffered an accident while in La Concha Hotel as he exited an elevator on the Hotel's premises and the elevator jerked up approximately one and a half feet in the air (Docket No. 18 at ¶ 19). Upon stumbling out of the elevator and receiving aid from certain hotel employees, an unidentified employee told Smith that the elevator had been recently out of service, and that during the week prior to the incident, the elevator had undergone maintenance. *Id.* at ¶¶ 22 and 39.

On April 29, 2015, Mr. and Mrs. Smith filed a complaint against Condado Duo La Concha and Condado Duo La Concha Hotel Tower (hereinafter jointly referred to as "La Concha") (Docket No. 1). On June 19, 2015, La Concha answered the complaint, stating that the elevator was under a maintenance agreement with Otis, who under the contract was also required to perform any necessary repairs to the elevators at the hotel in order to keep them safely in service (Docket No. 12 at 38). On June 24, 2015, La Concha filed a Third–Party Complaint against Otis, alleging that, at the time of the incident, the elevator in question was maintained and serviced by Otis, had undergone service and maintenance in the days leading up to May 4, 2014, and had been put back into service by Otis before the incident (Docket No. 14). On June 26, 2015, plaintiffs filed an Amended Complaint including Otis as a defendant (Docket No. 18). Otis contends the action against it is untimely and should be dismissed under Fed.R.Civ.P. 12(b)(6).

## II. *STANDARD OF REVIEW*

Timeliness is an affirmative defense. It may be raised in a motion to dismiss provided the facts establishing the defense are clear on the face of the plaintiffs' pleadings. *Santana–Castro v. Toledo–Dávila,* 579 F.3d 109, 113–114 (1st Cir.2009). Dismissal is appropriate when the allegations in a complaint show that the passage of time between events giving rise to the claim and the commencement of the action exceeds the applicable limitations period, and the complaint fails to sketch a factual

predicate that would provide a basis for tolling the statute of limitations. *Abdallah v. Bain Capital, LLC,* 752 F.3d 114, 119 (1st Cir.2014).

## III. *DISCUSSION*

In Puerto Rico, tort actions based on fault or negligence are subject to the one-year statute of limitations set in Article 1868 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5298. That period begins to run the day after the action accrues. *Centro Médico del Turabo, Inc. v. Feliciano de Melecio,* 406 F.3d 1, 9 (1st Cir.2005); *Chévere–Rodríguez v. Pagán,* 114 Fed.Appx. 412, 414 (1st Cir.2004).

A claim accrues when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor. *Rodríguez v. Suzuki Motor Corp.,* 570 F.3d 402, 406 (1st Cir.2009); *Tokyo Marine and Fire Ins. Co., Ltd. v. Pérez & Cia. De Puerto Rico, Inc.,* 142 F.3d 1, 2 (1st Cir.1998). This does not require actual knowledge; it is enough that the would-be plaintiffs had notice that would have led a reasonable person to investigate and uncover any needed information. *Rodríguez–Suris v. Montesinos,* 123 F.3d 10, 14–17 (1st Cir.1997); *Villarini–García v. Hospital del Maestro, Inc.,* 8 F.3d 81, 84 (1st Cir.1993).

Otis argues plaintiffs should have been more diligent in finding out Otis' role in the incident underpinning the case. Plaintiffs counter they were not privy to private information regarding Otis' business relationship to La Concha or the role it had in the incident, and that within seven (7) days of receiving that information through the pleadings filed by La Concha they amended the complaint to include Otis.

Plaintiffs' position is not untenable. The information they received from La Concha's employees did not mention Otis. And from the pleadings it cannot be inferred that Otis' name was in the elevator where the incident occurred, or any other elevator in La Concha. Discovery may bring forth evidentiary elements undermining plaintiffs' version of when information regarding Otis' role in the incident should have been obtained, to the point of justifying dismissal through summary judgment. But at this stage, the court is satisfied the action should not be dismissed as time barred under Fed.R.Civ.P. 12(b)(6).

## IV. *CONCLUSION*

In view of the foregoing, Otis' motion to dismiss is DENIED. Otis should answer the Amended Complaint on or before November 10, 2015.

**SO ORDERED.**