Guillermo BONILLA–AVILES, Maria Velazquez, C/P Bonilla–Velazquez, Plaintiffs, Appellants,

v.

SOUTHMARK SAN JUAN, INC., et al., Defendants, Appellees.

No. 92–2365.

United States Court of Appeals, First Circuit.

Heard April 8, 1993.

Decided May 12, 1993.

---

John Ward Llambias, for plaintiffs, appellants.

Maria Soledad Ramirez Becerra with whom Mercado & Soto was on brief for defendant, appellee Saint James Security, Inc.

Ricardo L. Rodriguez Padilla for defendant, appellee Southmark San Juan, Inc.

Ray Fargason, Harding, Bass, Fargason, Booth & Calfin and Maria Teresa Agudo Loubriel on brief for defendant, appellee Calypso Water Sports, Inc.

Before BREYER, Chief Judge,
FRIEDMAN,* Senior Circuit Judge, and
STAHL, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The United States District Court for the District of Puerto Rico dismissed the plaintiffs' diversity tort suit on two grounds: (1) that the Puerto Rico statute of limitations barred the suit and (2) that dismissal was warranted because of one of the plaintiffs' repeated failures to comply with the court's pretrial orders. We affirm the dismissal on

* Of the Federal Circuit, sitting by designation.

the limitations ground and, therefore, find it unnecessary to reach the second ground.

## I

On April 4, 1991, the plaintiffs, Mr. Bonilla and his wife, filed a diversity action in the United States District Court for the District of Puerto Rico against the defendants. The complaint alleged that on February 5, 1990, while Mr. Bonilla was a guest at the Sands Hotel in Puerto Rico and as a result of the hotel's negligence, he suffered various injuries when he was struck in the head with a volleyball while in the Jacuzzi area. The complaint sought damages of $1,450,000.00.

More than 16 months later, following repeated failures of Mr. Bonilla to comply with various pretrial (including discovery) orders of the court, the court granted the defendants' motion for summary judgment and dismissed the complaint. The court held: (1) that Puerto Rico's one-year tort statute of limitations barred the suit, since (a) the suit was filed 14 months after the alleged injury and (b) Mr. Bonilla had not established any of the statutory grounds for tolling the statute; and (2) that dismissal "is also based on plaintiff's failure to comply with court orders."

## II

As noted, Puerto Rico has a one-year statute of limitations for all tort actions. P.R.Laws Ann. tit. 31, § 5298(2) (1991). Since the complaint was filed 14 months after Mr. Bonilla allegedly was injured, on its face it appears untimely under the statute.

Puerto Rico, however, has a tolling statute which provides:

Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor.

Id. § 5303 (1991).

The plaintiffs here contend, as they did in the district court, that three letters tolled the statute. These letters were referenced and apparently attached to motions the plaintiffs

filed, but the letters were, nevertheless, not part of the record before the district court. The court rejected the tolling contention on the following ground:

> Defendants have shown that the action was filed more than one year after the incident occurred. Plaintiff, as the non-moving party, must now produce evidence to create an issue of fact as to whether the statute of limitations was tolled or not. Plaintiff alludes to letters stating extrajudicial claims which he states were sent to the defendant. However, none of these letters are included in the record. Without these letters, which we need in order to determine whether or not the statute of limitations was tolled under Puerto Rico law, we cannot proceed. We, therefore, grant defendants' summary judgment motion because plaintiff has failed to fulfill his burden of production.

■ Since the plaintiffs have the burden to support their claim that the statute was tolled, their failure to introduce into the record the letters upon which they based that claim was fatal to the claim. *See Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991) (when the moving party has made a showing that no genuine issue of material fact is at issue and the nonmoving party "bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion" for summary judgment), *cert. denied*, —— U.S. ——, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992). The district court, therefore, justifiably rejected the tolling contention for lack of supporting proof. Fed. R.Civ.P. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

In any event, the letters do not support the tolling contention.

■ The first and third letters were written by the insurance representative of the Sands Hotel and did not admit liability. They, therefore, were not an "act of acknowledgment of the debt by the debtor." Indeed, the plaintiffs apparently do not claim to the contrary.

The plaintiffs rely upon the second letter, written by Mr. Bonilla's lawyer to the insurance representative in response to the latter's first letter, which had sought certain information from Mr. Bonilla regarding the alleged accident. The only possibly pertinent portion of Mr. Bonilla's letter stated:

> I would appreciate that you send me information about the coverage of the policy Sand's Hotel have [sic] for cases like this and also if you have any representative in Puerto Rico with whom we can discuss and try to settle this case.

The plaintiffs contend that this statement constituted an "extrajudicial claim of the creditor" under the tolling statute.

■ As this court has noted, the Supreme Court of Puerto Rico "has stated that an extrajudicial claim, in order to have tolling effect, must be 'precise and specific.' *Jimenez v. District Court*, 65 P.R.R. 35, 42 (1945)." *Gual Morales v. Hernandez Vega*, 604 F.2d 730, 733 (1st Cir.1979). In *Pacheco v. National Western Life Insurance Co.*, 640 F.Supp. 900, 905 (D.P.R.1986), the court ruled that a letter was sufficiently "precise and specific" so as to toll the limitations period where

> [t]he letter makes a clear and direct reference to [the] Law ... under which the present action is brought. The letter describes plaintiff's services clearly falling within the shield of the [relevant] law. The mention of amounts of money owed and plaintiff's warning that his lawyers were being notified lead us to conclude that a claim under [the particular law at issue] was being made through this letter and that the letter in fact makes a claim for the relief ultimately sought.

*Id.* (footnote omitted). On the other hand, we ruled insufficient for tolling, a letter that "specified what plaintiffs were requesting, but did not give specific notice of the basis of the lawsuit," and a second letter in which the plaintiff merely stated his intention to file a complaint against the defendant. *Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1154 (1st Cir.1992). We concluded that neither of those letters were sufficient to alert

the defendant to the specific causes of action against which it would be forced to defend itself. *Id.*

We also have noted that under Puerto Rican law, "[a] proper extrajudicial claim must seek the same relief ultimately sought in the subsequent lawsuit." *Fernandez v. Chardon,* 681 F.2d 42, 53 (1st Cir.), *cert. granted in part,* 459 U.S. 987, *cert. denied in part,* 459 U.S. 989, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982), *and aff'd sub nom. Chardon v. Fumero Soto,* 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983). *See also Rodriguez Narvaez v. Nazario,* 895 F.2d 38, 44 (1st Cir.1990) (the extrajudicial claim "must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit"); *Torres v. Superintendent of Police of P.R.,* 893 F.2d 404, 407 (1st Cir.1990) ("[T]he extrajudicial claim must claim the same relief later requested in the federal suit.").

Neither the request in Mr. Bonilla's lawyer's letter for information about the Sands Hotel's insurance coverage, nor the question whether the insurance representative had "any representative in Puerto Rico with whom we can discuss and try to settle this case," constituted a ."precise and specific" extrajudicial claim that sought "the same relief ultimately sought in the subsequent lawsuit." The mere seeking of information regarding a possible discussion and settlement of the case with the insurance representative did not indicate that the plaintiffs were asserting a substantial damages claim for the injuries Mr. Bonilla allegedly suffered.

The letter fell far short of the specificity required to alert the defendant to the particulars of a likely damages suit. It was not a "request for monetary compensation as a result of an injury suffered" that this court held was the basis of decisions holding that an extrajudicial demand had triggered the tolling of a Puerto Rican statute of limitations. *Hernandez del Valle v. Santa Aponte,* 575 F.2d 321, 323 (1st Cir.1978) (letters seeking reinstatement of discharged employee did not toll statute of limitations on claim under 42 U.S.C. § 1983 for damages for the discharge). *See also Rodriguez Narvaez,* 895 F.2d at 43 ("The Supreme Court of Puerto Rico has stated that in view of the impor-

tance of the institution of 'extinctive prescription' in the civil law tradition tolling provisions must be interpreted restrictively against the person invoking their protection.") (citing *Diaz de Diana v. A.J.A.S. Ins. Co.,* 110 P.R.R. 602, 607–08 n. 1 (1980)) (footnote omitted).

Affirmed.