Finney v. Whitcomb                    CV-95-360-B    07/24/97

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Sarah U. Finney

    v.                                                    C-95-360-B

Frank W. Whitcomb
Construction Corp.

**O R D E R**

Sarah Finney brings several employment related claims, including a claim of sexual harassment under Title VII of the Civil Rights Act, against her former employer, Frank W. Whitcomb Construction Corp. Whitcomb moves for summary judgment on Count I (sexual harassment), Count II (sex discrimination), Count IV (intentional infliction of emotional distress); and Count V (negligent infliction of emotional distress).[1] Finney concedes that Counts IV and V are barred by New Hampshire's Workers' Compensation Act, N.H. Rev. Stat. Ann. § 281-A:8 (Supp. 1996), and should be dismissed. Because I find that Whitcomb is also entitled to summary judgment on Counts I and II, I grant Whitcomb's motion.

---

[1] Whitcomb does not move for summary judgment on Count III of Finney's complaint (violation of the Equal Pay Act).

# I. BACKGROUND

Finney was hired by Whitcomb, a New Hampshire company, in 1990. She alleges that, while at a job site in Vermont, she was sexually harassed by William Felton, an engineer employed by the state of Vermont to oversee the project. She claims that the management at Whitcomb failed to take any action to stop or remedy the harassment after she reported it. According to Finney's complaint, the last day that she worked on the Vermont project was October 29, 1993, which she concedes is the last day that she was harassed by Felton.

Beginning in January 1994, Finney began to explore her legal avenues for relief by meeting with an agent from the Vermont Agency of Transportation. In February 1994, Finney contacted the New Hampshire Commission for Human Rights ("NHCHR"), a state fair employment practices agency within the meaning of Title VII. See Singleterry v. Nashua Cartridge Prods., Inc., No. CV-94-345-SD, 1995 WL 54440 *2 (D.N.H. February 9, 1995). According to her affidavit, the NHCHR informed her in February and again in April that Vermont, and not New Hampshire, had jurisdiction over her claims. Finney also called the Equal Employment Opportunity Commission ("EEOC") in April 1994. Finney states that they also

2

informed her that Vermont had jurisdiction over her claims.

Accordingly, Finney contacted the Vermont Attorney General's Office and received an employment discrimination questionnaire from them. She completed the questionnaire and returned it with an outline containing additional information on April 26, 1994.

On June 29, 1994, Finney received a charge of discrimination from the Vermont Attorney General's Office. According to Finney, she did not sign and file the charge because, by that time, she learned that New Hampshire did, in fact, have jurisdiction over her claims.

According to Finney's affidavit, one of her attorneys informed her on August 16, 1994 that the NHCHR had calculated the filing deadline for her charge of discrimination as September 3, 1994. On August 18, 1994, Finney and her counsel met with a NHCHR investigator to fill out the charge. Apparently relying on the deadline given to her counsel by the NHCHR, Finney filed her completed charge of discrimination on September 1, 1994, her last day of employment with Whitcomb.

September 1, 1994 is 307 days after October 29, 1994, the day on which she alleges the last instance of discrimination occurred.

## II.    STANDARD

Summary judgment is appropriate if the facts taken in the light most favorable to the non-moving party show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Barbour v. Dynamics Research Corp., 63 F.3d 32, 36-37 (1st Cir. 1995), cert. denied, 116 S. Ct. 914 (1996). A "material fact" is one "that might affect the outcome of the suit under the governing law," and a genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the facts are undisputed, the moving party must establish that it is entitled to judgment as a matter of law. Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 764 (1st Cir. 1994).

When a defendant asserts that summary judgment should be granted because the plaintiff's claim was not timely filed, it must establish that facts taken in the light most favorable to the plaintiff demonstrate that the action was brought outside of the applicable filing period. Bonilla-Aviles v. Southmark San Juan, Inc., 992 F.2d 391, 393 (1st Cir. 1993). The plaintiff has the burden of showing that the filing period should be tolled for

4

equitable reasons. Id. Therefore, if the undisputed facts establish that the claim was brought outside the limitations period, the plaintiff must present definite, competent evidence to establish the basis for equitable tolling to rebut the defendant's motion for summary judgment. Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991).

### III. ANALYSIS

### A. Title VII Claims

Title VII requires plaintiffs to exhaust administrative remedies and dictates time limitations for filing charges with the EEOC and state agencies. 42 U.S.C.A. § 2000e-5 (West 1994); Lawton v. State Mut. Life Assurance Co. of Am., 101 F.3d 218, 221 (1st Cir. 1996). I assume without deciding that under the terms of the 1994 NHCHR worksharing agreement with the EEOC, the NHCHR and the EEOC are agents of each other for purposes of filing complaints and that the NHCHR has waived its 60 day exclusive jurisdiction period. See Madison v. St. Joseph Hosp., 949 F. Supp. 953, 957-59 (D.N.H. 1996) (interpreting 1994 worksharing agreement); Bergstrom v. University of New Hampshire, No. CV-95-267-JD, slip op. at 5-10 (D.N.H. Jan. 9, 1996) (interpreting 1993 worksharing agreement). Using these assumptions, Finney would be

5

entitled to a full 300 days to file a complaint with the NHCHR after the last alleged discriminatory act. Id.

Finney does not dispute that she filed with the NHCHR 307 days after the last time she was harassed by Felton, seven days beyond the statutory filing period. She argues, however, that principals of equitable tolling, based on administrative error, should allow an extension of the filing period.

The requirement of filing a timely charge of discrimination with the EEOC is "not a jurisdictional prerequisite to filing a Title VII suit, but [is] a requirement subject to waiver as well as tolling when equity so requires . . ." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982); McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 505 (1st Cir. 1996). Thus, equitable tolling is available to Title VII plaintiffs when warranted.

Equitable tolling is only appropriate, however, when circumstances outside of a plaintiff's control cause her to miss a filing deadline. Kelly v. NLRB, 79 F.3d 1238, 1248 (1st Cir. 1996). The doctrine is meant to apply to only a narrow range of situations, and does "not extend to . . . garden variety claim[s] of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Nevertheless, courts have been willing to equitably toll a filing period when an administrative error was

6

made by the agency with which a complaint was filed and the error was outside of the plaintiff's control. See Brown v. Crowe, 963 F.2d 895, 899-900 (6th Cir. 1992); Rivera v. Toner Etcetera, Inc., No. CV-96-217-M, slip op. at 6 (D.N.H. December 31, 1996).

The First Circuit has delineated five factors to weigh when considering whether to allow equitable tolling in a given case:

(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 752 (1st Cir. 1988) (citations omitted) (applying equitable tolling to an ADEA claim). The fourth factor, absence of prejudice to the defendant, does not provide an independent basis for equitable tolling, but is merely an element to be considered in determining whether the doctrine should apply once other factors that might justify tolling are identified. Id. at 753 (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam)).

Finney cites two instances of "administrative error" to justify tolling in her case. First, she claims that she was

7

erroneously informed by the NHCHR and the EEOC that she could not file her claim in New Hampshire. Second, she claims that the NHCHR gave her attorney an incorrect filing deadline. As I explain below, neither error justifies that application of equitable tolling in this case.

Finney argues that had she known in early 1994 that she could have filed her claim in New Hampshire, she would have done so within the same time period that she took to complete the Vermont employment questionnaire, approximately two weeks. However, she does not claim that she was precluded from filing her claim in Vermont. If, as it appears, Finney voluntarily abandoned her plan to file in Vermont after she discovered that she also had the option of filing in New Hampshire, she cannot now complain that her voluntary decision caused her to miss the filing deadline.

Even if Finney could not have filed her claim in Vermont, equitable tolling would not save her claim. Once she discovered that New Hampshire had jurisdiction over her claim, she was under a duty to act diligently to file there before the filing deadline. See Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452-53 (7th Cir. 1990). Because Finney has offered no evidence or argument which would support a finding that she was unable to

8

timely file her claim after she learned that she could file in New Hampshire, she cannot rely on the first of NHCHR's two alleged administrative errors to save her claim.

Finney's argument that she was entitled to rely on the NHCHR's erroneous filing deadline also fails. Although Finney has alleged that she lacked actual notice of the correct deadline, she has not established a triable case that she also lacked constructive notice. A plaintiff generally is charged with constructive notice of filing requirements when she retains an attorney during a limitations period. Kelley, 79 F.3d at 1249; Leite v. Kennecott Copper Corp., 558 F. Supp. 1170, 1173-74 (D. Mass.), aff'd, 720 F.2d 658 (1st Cir. 1983). Since Finney has offered no evidence or argument which would support a departure from this general rule, she cannot establish that she lacked constructive notice of the correct filing deadline after she retained her attorney.

Finney also fails to demonstrate that her attorney's reliance on the NHCHR's advice was reasonable. Finney stated in her affidavit that "[o]n August 16, 1994, one of my attorneys informed me that the NHHRC (sic) had calculated the filing deadline for my charge of discrimination as September 3, 1994." However, she has failed to produce an affidavit from her attorney

9

or any other evidence concerning her attorney's communications with the NHCHR. Therefore, she has failed to offer evidence that would permit a conclusion that her attorney's reliance on the NHCHR's erroneous filing deadline was reasonable under the circumstances. See Kelly, 79 F.3d at 1249 ("We think it plain that an attorney's reliance on oral information, provided over the telephone and by a low-level employee, is not reasonable."). Accordingly, I conclude that Finney has failed to demonstrate that equitable tolling is appropriate in her case. Thus, Finney's Title VII claims are barred by the 300-day limitations period.

## B. **State Claim**

Finney also bases her sex discrimination claim in part on N.H. Rev. Stat. Ann. § 354-A:7 (1995). However, other judges of this court have previously held that this statute does not provide a private cause of action. Bergstrom v. University of New Hampshire, 943 F. Supp. 130, 132 n.3 (D.N.H. 1996); Tsetseranos v. Tech Prototype, Inc., 893 F. Supp. 109, 120 (D.N.H. 1995). Because I agree with the holdings in these cases and because Finney does not argue that they are incorrect, I find that Count II fails to state a claim.

## IV.    <u>CONCLUSION</u>

For the forgoing reasons, defendant's motion for summary judgment (document no. 16) is granted.  Counts I, II, IV and V of Finney's complaint are dismissed.  Count III, plaintiff's Equal Pay Act claim, is unaffected by this order.

SO ORDERED.

_____
Paul Barbadoro
United States District Court

July 24, 1997

cc:  Edward M. Kaplan, Esq.
     John L. Putnam, Esq.

11