Isaac LLANTIN–BALLESTER
et al., Plaintiffs,

v.

Isidro A. NEGRON–IRRIZARY,
et al., Defendants

No. CIV.04–1137(PG).

United States District Court,
D. Puerto Rico.

Jan. 7, 2005.

Orlando Duran–Medero, San Juan, PR, for Plaintiffs.

Johanna M. Emmanuelli–Huertas, Jorge Martinez–Luciano, for Defendants.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Before the Court is Magistrate Judge Camille Velez–Rive's Report and Recommendation ("R & R") regarding Co–Defendants Isidro Negron Irrizary ("Negron") and the Municipality of San German's Motions to Dismiss (Docket Nos. 4, 10.) Upon reviewing the R & R, the objections filed, as well as the record of the case, the Court **APPROVES AND ADOPTS IN PART** the Magistrate Judge's recommendations and dismisses the complaint.

### FACTUAL BACKGROUND

Plaintiff Isaac Llantin Ballester ("Llantin") was the Mayor of San German from January 1997 to December 2000 when as a result of the November 2000 elections, co-defendant Isidro Negron Irrizary ("Negron") was elected Mayor. Plaintiff is a member of the New Progressive Party ("NPP") and co-defendant Negron is a member of the Popular Democratic Party ("PDP").

Llantin claims that following his retirement in early 2001, he requested the payment of his accumulated vacations and sick leave which totaled $47,000 but never received it. He claims he sent several written communications to Negron and called him on the phone in an effort to collect the money owed but was unsuccessful. As a final aid to his collection efforts Llantin sought the assistance of the Puerto Rico Comptroller sometime in February 2002. Plaintiffs claim the latter sent a letter to the Negron requesting that he take appropriate action regarding the money owed to Llantin but no positive results were obtained.

On February 19, 2004, Llantin, his wife Judith Quiñones–Ojeda, and the conjugal partnership constituted between them (collectively "plaintiffs"), filed suit against the Municipality of San German and its Mayor co-defendant Negron claiming that the reason Llantin did not receive his monetary benefits was because of his political affiliation. Defendant Negron moved to dismiss plaintiffs' § 1983 claim arguing—inter alia—that it is time-barred inasmuch as the one-year limitations period expired well before the complaint's filing date. (Docket No. 4.) Defendants then filed a second Motion to Dismiss claiming that plaintiffs were not entitled to relief. (Docket No. 10.) Both motions were referred to Magistrate Judge Velez–Rive for a Report and Recommendation. The Magistrate Judge concluded that the complaint was time-barred and recommends its dismissal. The parties timely filed objections to the Magistrate Judge's findings.

### DISCUSSION

**I. Standard for Reviewing a Magistrate–Judge's Report and Recommendation**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may re-

fer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo Rodriquez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). The adversely affected party can "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado Pagan,* 286 F.Supp.2d 231, 233 (D.P.R.2003)(*quoting* 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings ... to which [an] objection is made." *Felix Rivera de Leon v. Maxon Engineering Services, Inc.,* 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections," "the district court can assume that they have agreed to the magistrate's recommendation'." *Alamo Rodriguez,* 286 F.Supp.2d at 146 (*quoting Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985.))

## II. Statute of limitation for § 1983 claims

■ It is well-settled that the limitations period for § 1983 claims "is governed by the applicable state statute of limitations for personal injury actions, which is one year in Puerto Rico". *Velazquez–Rivera v. Danzig,* 234 F.3d 790, 795 (1st Cir. 2000); *see* P.R. Laws Ann. tit. 31, § 5298 [1]. This one year period "begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury". *Benitez–Pons v. Com. of*

*Puerto Rico,* 136 F.3d at 54, 59 (1st Cir. 1998).

■ As with the applicable statute of limitation, tolling is also governed by state law. *Benitez–Pons,* 136 F.3d at 59. Pursuant to Article 1873 of the Puerto Rico Civil Code, the one year period may be tolled by an extrajudicial claim of the creditor, *see* P.R. Laws Ann. tit. 31, § 5303 (2001), but to be effective, it must be addressed to the same party later sued and request the same relief later sought in court. *Benitez–Pons,* 136 F.3d at 59–60.

## III. Analysis

The Magistrate Judge concluded that there is clearly in excess of a one-year gap between the acts described in the complaint and its filing date. (Docket No. 35 at 4.) Furthermore, that plaintiffs failed to submit any discourse of applicable tolling of their claim or even expostulate any action on their part with the defendants from which the one-year statute of limitation could survive the passing of almost four years since the events alleged and the complaint's filing date. (*Id.* at 5.) Lastly, the Magistrate Judge concluded that there was no continuing violation inasmuch as one event or action does not stall the limitations period simply because plaintiffs feel they continue to suffer the adverse effects of that one event or action. (*Id.* at 5–6.)

Plaintiffs object to the Magistrate Judge's findings alleging that they became aware of the discriminatory refusal to pay only after they received no answer to the several written communications they sent to co-defendant Negron. Furthermore that their claim is not time-barred inas-

---

**1.** *See also Wilson v. Garcia,* 471 U.S. 261, 278–80, 105 S.Ct. 1938, 85 L.Ed.2d 254(1985); *Benitez–Pons v. Com. of Puerto Rico,* 136 F.3d 54, 59 –60 (1st Cir.1998);

*Carreras–Rosa v. Alves–Cruz,* 127 F.3d 172, 174 (1st Cir.1997); *Rodriguez Narvaez v. Nazario,* 895 F.2d 38, 41–42 (1st Cir.1990).

much as the one year period was tolled several times by each written communications they sent to the defendants. Finally, plaintiffs contend that because there has been no answer to their claims, or an explanation as to why the delay in paying Llantin's benefits, there has been no single act but rather a continued pattern of discrimination, therefore, they claim the continuing violation exception applies.

In the present case, plaintiffs made a request for the money owed to Llantin in early 2001. Assuming that they became aware of the injury—defendants' alleged politically discriminatory refusal to pay— in late 2001, the complaint would be time-barred given that at least three years passed since their knowledge of the injury and the filing of the complaint. Accordingly, we concur with the Magistrate Judge's conclusion that this claim was filled well-past the one year statutory period.

■ At to the tolling argument, a detailed review of the record and pleadings reveals it is devoid of any allegation as to when plaintiffs sent the claimed communications to defendants and what were their contents. In order for an extrajudicial claim to effectively toll the limitations period it must be sent to the same party later sued and request the same relief later sought in court. *See Benitez–Pons,* 136 F.3d at 59–60. Plaintiffs fail to put the Court in a position to make such determinations given that the record lacks information as to whom were these communications addressed to and what were the requests made or reliefs sought therein. The only communication sent that is clearly supported by the pleadings is the one Llantin claims the Comptroller sent to

Negron sometime in 2002. This extrajudicial claim does not toll plaintiffs claim for several reasons. First, it does not seek the same relief plaintiffs request in their § 1983 claim, i.e.-damages for defendants unconstitutional actions. Second, it was sent by a third party and by not plaintiffs. Third and last, even in we could consider that this 2002 letter tolled the one year period, plaintiffs would have had to file their suit by 2003 at the latest and failed to do so. Accordingly, these alleged communications did not toll the one year period.

■ Finally, we agree with the Magistrate Judge's conclusion that the continuing violation exception in inapplicable to the case at bar. As the Magistrate accurately stated, there is a critical distinction between continuing actions and a singular act that brings continuing consequences. *See Gilbert v. City of Cambridge,* 932 F.2d 51, 59 (1st Cir.1991); *See also Dziura v. U.S.,* 168 F.3d 581, 583 (1st Cir.1999). Plaintiffs contend that since there has been no answer to their written requests there exists a continuous pattern of discrimination. Plaintiffs, however, overlook the fact that defendants' failure to answer is but one action that has had continuing consequences. The continuing violation exception applies when successive acts cause the injury and not when one act causes a continued injury. *See Johnson v. Rodriguez,* 943 F.2d 104, 108 (1st Cir. 1991). There being no continued act of discrimination, there is no continuing violation to toll the limitations period.

In sum, the complaint is time is time-barred and should be dismissed. We need not go further [2].

**2.** The Magistrate Judge' proceeded for the sake of argument to briefly discuss in part the merits of plaintiffs' claim. Because we find that this action is time barred, we see no

reason why we should proceed on. The first Motion to Dismiss filed by co-defendant Negron (Docket No. 4) is dispositive of the case and thus we need not rule on the second

## CONCLUSION

For the foregoing reasons, the Court APPROVES and ADOPTS IN PART the Magistrate Judge's R & R and dismisses the Complaint with prejudice.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

VELEZ–RIVE, United States Magistrate Judge.

## BACKGROUND

Plaintiff Isaac Llantín Ballester was the mayor of the Municipality of San Germán from the years 1997 through 2000 as the New Progressive Party won the year 1996 elections. Co-defendant Hon. Isidro A. Negrón Irizarry, as the Popular Democratic Party candidate, was elected mayor of said municipality in the general elections of the year 2000.

Plaintiff filed a complaint in this case claiming a civil rights violation and a state tort under pendent jurisdiction for denial of payment for monies due in the amount of $47,000, for his accrued annual and sick leave, after he left his position as mayor in the Municipality of San Germán upon losing the general elections in the year 2000. Plaintiff filed this federal action against Hon. Negrón Irizarry and the Municipality of San Germán under the First and Fourteenth Amendment of the U.S. Constitution, the Civil Rights Act, 42 U.S.C. § 1983, and state law supplemental jurisdiction, Article 1802, 31 L.P.R.A. § 5141, and Art. II, Section 7 of the Puerto Rico Constitution.

Defendant Municipality of San Germán and the Hon. Negrón Irizarry, in his official capacity, thereafter filed a Motion to Dismiss (Docket No.4, 10). Co-defendant Negrón Irizarry, in his personal capacity, joined said motion (Docket No. 14). The record shows also a Plaintiff's Opposition (Docket No. 8), a Reply to Plaintiffs' Opposition (Docket No. 9), a Plaintiffs' Opposition to Reply (Docket No. 23), as well as, an Opposition (Docket No. 25).

The Court referred these motions to the undersigned Magistrate Judge for report and recommendation (Docket No. 32).

## MOTION TO DISMISS AND STANDARD UNDER RULE 12(B)(6).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Still, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991).

The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barceló v. Hernández–Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (*quoting Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)).

---

Motion to Dismiss filed (Docket No. 10). Thus, we adopt the first part of the Magistrate Judge's recommendations as to the statute of limitations issue but do not adopt the remaining findings. Accordingly, we **GRANT** Negron's Motion to Dismiss (Docket No. 4) and find co-defendants Motion to Dismiss (Docket No. 10) MOOT.

The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States,* 144 F.3d 1, 2 (1st Cir.1998) (*citing Shaw v. Digital Equip. Corp.,* 82 F.3d 1194, 1216 (1st Cir.1996)).

## ANALYSIS

Defendants' request for dismissal is predicated, among others, on the fact the complaint is time-barred since the First and Fourteenth Amendments violations therein alleged were filed with the Court on February 14, 2004 (Docket No. 1), although plaintiff's basis for non-payment of the alleged monies due under the *aegis* of a politically discriminatory action accrued upon denial and/or withholding of said payment shortly after he left office after the year 2000. In addition, defendants move for dismissal because plaintiff fails to submit a cognizable claim. Defendants argue plaintiff lacks grounds to establish a property interest under his constitutional claim to wit, meet the burden to establish entitlement to the payment claim and that such a claim can be properly brought before this federal court.

**Dismissal under Statute of Limitations—Complaint is Time Barred.**

Defendants submit the complaint is time-barred because it was filed with the Court on February 14, 2004 although plaintiff's claim accrued shortly after he left office in the year 2000 upon denial and/or withholding of said payment. Accordingly, more than one (1) year elapsed between the time the claim accrued and the filing of the instant complaint.

The complaint avers that, since plaintiff left the Mayor's Office and he retired,

presumably shortly after the general elections in the year 2000, he requested payment of the $47,000 for the accumulated leave, without having a reply or explanation for the delay.[1] Plaintiff requested assistance on February 2002, from the Puerto Rico Comptroller's Office, who wrote a letter to the new mayor, Hon. Negrón Irizarry, in March of 2002, to take appropriate action and no positive results ensued as to his claim. See Complaint, ¶¶ 9 and 10. Plaintiff filed the complaint in the instant case on February 19, 2004.

█ The personal injury statute of limitation of the forum state governs civil rights violation claims, while the date of accrual, the date on which the limitation clock begins to tick, is determined by federal law. *Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349 (1st Cir.1992). There is clearly in excess of one-year gap between the acts described in the complaint as summarized above, which are all the allegations prompted by plaintiff that could assert any possible theory of tolling that could benefit his claim and the filing of the instant action.

█ Under Puerto Rico law, once prescription has been raised as an affirmative defense, the burden of proving interruption of limitation period shifts to plaintiff. *Tokyo Marine & Fire Ins. v. Perez & Cia.,* 142 F.3d 1, 4 (1st Cir.1998). It is plaintiff's burden to rebut that the action filed is not barred. *Kelly v. Marcantonio,* 187 F.3d 192, 198 (1st Cir.1999) (stating that plaintiff has burden to show that his claim was filed within statute of limitations due to tolling). See *Nicolo v. Philip Morris, Inc.,* 201 F.3d 29, 38 (1st Cir.2000). In a

---

1. Under the applicable Puerto Rico law tolling provisions an extrajudicial claim tolls the limitation period which starts to run anew from the date of the act in which the holder of the substantive right demands and the passive

subject receives such demand to act therein indicating his express wish not to lose a right. *Carreras–Rosa v. Alves–Cruz,* 127 F.3d 172 (1st Cir.1997).

summary judgment context, it was similarly held plaintiffs have the burden to support their claim that the statute was tolled and their failure to introduce into the record the letters upon which they based that claim was fatal to the claim. See *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991). See also *Bonilla–Aviles v. Southmark San Juan, Inc.*, 992 F.2d 391, 393 (1st Cir.1993).

 Additionally, the Court of Appeals for the First Circuit has narrowed the scope of equitable tolling, which other courts have allowed to a plaintiff who knew of a harm but not of its discriminatory basis. It is limited to those instances when plaintiff could have been misled or actively deceived. *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 53 (1st Cir.1999); *Jensen v. Frank*, 912 F.2d 517, 521 (1st Cir.1990); *Mack v. Great Atlantic & Pacific Tea Co.*, 871 F.2d 179, 185 (1st Cir. 1989). No such instance has been raised by plaintiff in this case.

Plaintiff claims there is a continuing violation in this case for the failure to pay the amounts due because of discriminatory animus. Plaintiff's opposition submits that defendants' actions be considered a continuing violation since he has been deprived from property which has been retained illegally for several years. Plaintiff has failed to submit any discussion of applicable tolling of his claim or even discuss any actions on his part with the defendants from which the one-year applicable statute of limitation to a civil rights claim could survive the passing of almost four (4) years since the general elections when he ceased in his position as mayor in the year 2000

and the filing of this complaint in the year 2004.[2]

There is a critical distinction between a continuing act and a singular act that brings continuing consequences. *Gilbert v. City of Cambridge*, 932 F.2d 51, 58–59 (1st Cir.1991). One event of denial or refusal to pay plaintiffs' accrued sick and annual leave, allegedly because of defendants' discriminatory animus, does not stall the limitation period because plaintiff now feels he continues to be suffering adverse effects for such non-payment. *See Muñiz–Cabrero v. Ruiz*, 23 F.3d 607 (1st Cir.1994) (plaintiff may not merely show subsequent effects of an earlier discriminatory action to establish a serial continuing violation of his civil rights).[3] A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination. *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1018 (1st Cir.1979).

Hence, absent a continuing violation, plaintiff's claims were time barred both by the time he sought a letter from the Comptroller on February 2002, and otherwise, at the time gap in excess of one-year thereafter until he finally filed the complaint in this case on February 19, 2004.

In view of the foregoing, it is recommended that defendants' Motion to Dismiss BE GRANTED and the present action BE DISMISSED in its entirety against all defendants because the complaint is time-barred.

Our analysis of the dismissal request could end at this stage because the claim is time-barred as explained above. Nonethe-

---

**2.** Plaintiff merely submits an assertion that it was not after several calls he concluded that the reason for the non-payment of the monies allegedly due were for political discrimination.

**3.** Serial violations are composed of a number of discriminatory acts emanating from the same discriminatory animus, each act constituting a separate actionable wrong. *Jensen v. Frank*, 912 F.2d at 521.

less, for the sake of the argument, we briefly discuss other issues raised by the parties.

## First Amendment and Due Process Rights.

Co-defendant's Negrón Irizarry's reply to plaintiff's opposition petitions dismissal on grounds plaintiff has no constitutionally protected First Amendment right since as a former mayor he was holding a policy-making position at the time his alleged liquidation pay was due. Co-defendant's Negrón Irizarry avers there is no First Amendment protection for a politician whose rights to freedom of speech and/or association, have been injured by other politicians, citing in support thereof *Romero–Barceló*, 75 F.3d at 23.

It is proper to apply this concept to plaintiff's First Amendment claim when as in *Romero–Barceló* two politicians were at issue. Nonetheless, in this case, contrary to the facts in *Romero–Barceló*, plaintiff is currently a private citizen, who subsequent to leaving his position as mayor, claims to have been denied some rights owed to him.

Accordingly, plaintiff has constitutionally protected First Amendment and due process rights. Nevertheless, this entitlement has no consequence in this case because plaintiff's claim is time-barred.

## *Prima Facie* Civil Rights Claim.

Defendants maintain plaintiff's claims involve purely state claims, such as a breach of contract claim or a collection of monies, that do not justify the use of this federal forum absent an adequate due process complaint. Succinctly, this entails that absent a *prima facie* showing that there is a civil rights violation involved, plaintiff

should not have filed this complaint before this Court.

There is a general doctrine requiring a plaintiff to meet the burden of a *prima facie* civil right claim of political discrimination. Plaintiff fails to fulfill such a burden in this case. Still, even if such *prima facie* burden is met, defendant submits a valid reason for the lack of disbursement of the amount claimed by plaintiff, thus presenting a non-discriminatory reason for the action.

It is defendant's contention that audits of the Comptroller and in the report issued covering the period while plaintiff performed as mayor showed a salary increase on June of 1997, which covered July 1, 1997 through June 30, 1999, and the Municipality was instructed to recover monies that were considered illegally disbursed to plaintiff. The matter was referred to the Department of Justice at the Office of the Comptroller Affairs. Because of the possibility plaintiff could be the one to owe money to the Municipality of San Germán, pending collection thereof, any payment to plaintiff was withheld. There is also a dispute as to the date of resignation and the time plaintiff received salary payments. Defendant's contention is that the Department of Justice has not yet concluded its investigation as of April 2, 2004.

Plaintiff sought to have defendants' request for dismissal to be considered for summary judgment. See Opposition to Dismiss, ¶ 17 (Docket No. 25). Still, plaintiff has not presented or discussed thereinafter that above submission for non-payment was pretextual,[4] except mentioning

---

4. In a political discrimination case, the defendant bears the burden of persuading the factfinder that its reason is credible. The evidence by which the plaintiff established a *prima facie* case may suffice for a factfinder to infer that the defendant's reason is pretextual

and to effectively check summary judgment. *See Rodriguez–Rios v. Cordero,* 138 F.3d 22, 26 (1st Cir.1998)("Where the elements of a sufficient *prima facie* case combine with the factfinder's belief that the ostensible basis for [demoting an] employee was pretextual, ...

that it raises matters outside the pleadings. If the Court would be amenable to consider plaintiff's request for summary disposition through these motions to dismiss, which is not being considered at this juncture, it would have to find against plaintiff.[5]

However, since the complaint warrants dismissal for being time-barred, there is no need to delve further on this issue unless properly submitted summary judgment motions were filed, if this action were to survive dismissal for any other event.

## Qualified Immunity / Fourteenth Amendment.

Co-defendant Negrón Irizarry also submits he is entitled to qualified immunity in his personal capacity since his conduct does not violate "clearly established statutory or constitutional right of which a reasonable person would have known". *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

From the allegations and defendant's statements, unopposed by plaintiff, the Department of Justice is still evaluating the audit report from the Municipality of San Germán in regards to the salary increase on July of 1997 by the Legislative Assembly of said municipality to plaintiff while acting as mayor. The Comptroller's Office of the Department of Justice has not yet resolved whether from the amount due to plaintiff, as liquidation of his accrued leave, of $47,930.65, that is the subject of plaintiff's federal claim, they would need to perform a set-off of approximately $31,944.09, upon calculations made as to the legality or not of the salary increase approved in the year 1997 and up to the conclusion of his term as mayor. The liquidation of amounts due for accrued leave are to be determined in accordance with the employee's salary and as such dependent on the appropriate variable of what is the actual salary to be considered.

Plaintiff's opposition to qualified immunity is unpersuasive. Plaintiff limits his argument to defendant's lack of knowledge, at the time liquidation payment of his accrued leave was initially withheld, of the grounds now presented because of subsequent legal factual developments.

Because plaintiff has failed to present a *prima case* of discrimination as explained above, there is no need to entertain the qualified immunity raised.[6] *See Saucier v.*

the factfinder is permitted to infer ... intentional [political] discrimination ....") (*quoting Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1092 (1st Cir.1995)); *Acevedo–Diaz v. Aponte*, 1 F.3d 62, 69–70 (1st Cir.1993) (*considering* circumstantial evidence that some plaintiffs were "conspicuous targets" for political discrimination as sufficient evidence of pretext). *Padilla–Garcia v. Guillermo Rodriguez*, 212 F.3d 69, 77–78 (1st Cir.2000).

5. Where a plaintiff has no direct evidence of discrimination and must prove his/her case circumstantially, this court looks to the totality of the evidence, guided by the familiar McDonnell Douglas–Burdine–Hicks framework. *Dominguez–Cruz v. Suttle Caribe, Inc.*, 202 F.3d 424, 430 (1st Cir.2000). *See Mulero–Rodriguez v. Ponte, Inc.*, 98 F.3d 670, 673 (1st Cir.1996). If the plaintiff demonstrates a *prima-facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its challenged actions. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254–55, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If the defendant carries this burden of production, the plaintiff must prove that the legitimate reasons were mere pretext for discrimination. *Id.* at 253, 101 S.Ct. 1089. *Rivera–Rodriguez v. Frito Lay Snacks Caribbean, a Div. of Pepsico Puerto Rico, Inc.*, 265 F.3d 15 (1st Cir.2001).

6. The defendants are entitled to qualified immunity unless (1) the facts alleged show the defendants' conduct violated a constitutional right, and (2) the contours of this right are "clearly established" under then-existing law so that a reasonable officer would have known that his conduct was unlawful. *Dwan v. City of Boston*, 329 F.3d 275, 278 (1st

*Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)(stating that whether a constitutional violation occurred is the first step in the qualified immunity inquiry); *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (qualified immunity embodies "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution. of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law."). *See also González–De–Blasini v. Family Dept.*, 377 F.3d 81, 88 (1st Cir.2004).

Had this Court considered the factual contentions of record, qualified immunity could have been appropriate as to co-defendant Negrón Irizarry's request in his personal capacity.

**Dismissal of Pendent State Claims.**

Pendent jurisdiction exists whenever there is a claim arising under the Constitution, the Laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute, but one constitutional case. The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Rodriguez v. Doral Mortgage*, 57F.3d 1168, 1175 (1st Cir.1995).[7]

In *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130, the Supreme Court ruled that a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should

---

Cir.2003) (citing Saucier, 533 U.S. at 201, 121 S.Ct. 2151). Saucier instructs that the reviewing court should begin with the former question. "A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." *Saucier*, at 201, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272. Thus, we approach the qualified immunity inquiry sequentially. *Santana v. Calderon*, 342 F.3d 18, 23 (1st Cir.2003).

7. In enacting section 1367, Congress essentially codified the rationale articulated in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Gibbs Court instructed that pendent jurisdiction exists when "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138.[FN9] In particular, "[t]he state and federal claims must derive from a common nucleus of operative fact." *Id.* Thus, "if, considered without regard to their federal or state character, a plaintiff's claims are such that [she] would ordinarily be expected *1176 to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Id.*; see also *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988); *Vera–Lozano v. International Broadcasting*, 50. F.3d 67, 70 (1st Cir.1995); *Brown v. Trustees of Boston Univ.*, 891 F.2d 337, 356 (1st Cir.1989), cert. denied, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990); *Ortiz v. United States*, 595 F.2d 65, 68–69 (1st Cir.1979).

FN9. The references to "state" law or "state" claims in Gibbs and in the statute, see 28 U.S.C. § 1367(c)-(d), are not to be construed literally. Section 1367(e) expressly provides that "the term 'State' includes ... the Commonwealth of Puerto Rico...." *Rodriguez v. Doral Mortg. Corp.* supra at 1175–1176.

decline the exercise of jurisdiction by dismissing the case without prejudice. *See Martínez v. Colón*, 54 F.3d 980, 990 (1st Cir.1995).

The preferred approach is pragmatic and case-specific. Thus, in "an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995); *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir. 1996).

The exercise of pendent jurisdiction being discretionary, and there remaining no cognizable federal claims in this litigation, it is also recommended that this Court denies exercise of pendent jurisdiction as to plaintiff's state law claims.[8]

### CONCLUSION

In light of the above discussed, it is recommended that the complaint be considered time-barred. Plaintiff lacks a First Amendment cause of action and he has failed to meet the necessary burden of establishing a *prima facie* case of political discrimination for which he is not entitled to relief under the First and Fourteenth Amendment nor under the civil rights. Exercise of jurisdiction over state pendent claims should not be exercised. Thus, this action should be dismissed.

Accordingly, it is recommended that the Motion to Dismiss BE GRANTED and as a result, this action BE DISMISSED in its entirety against all defendants.

**IT IS SO RECOMMENDED.**

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the speci-

fied time waives the right to appeal this order. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

---

8. The complaint third cause of action refers to damages suffered as a violation of Article 1802 of the P.R. Civil Code, 31 L.P.R.A. Sec. 5141, and violation to the Constitution of Puerto Rico, Art. II, Section 7.